WILLIAM LAWSON, RESPONDENT, V. CAPITAL CITY CONTRACTING COMPANY ET AL., APPELLANTS.—52 S. W. (2d) 421.

Kansas City Court of Appeals. August 26, 1932.

*Irwin & Bushman* for respondent.

*Otto & Porter* for appellant.

CAMPBELL, C.—This is an appeal from the judgment of the circuit court of Cole county affirming an award of the Workmen's Compensation Commission in favor of plaintiff.

Plaintiff, on May 31, 1928, filed claim with the Workmen's Compensation Commission in which it is stated that he was an employee of the Capital City Contracting Company, and that on December 2, 1926, he sustained personal injury by accident arising out of and in the course of his employment; that Maryland Casualty Company was the insurer, and that he had been paid total compensation to the date of the filing of the claim in the sum of $2200. The defendant, Capital City Contracting Company, filed answer in which it is stated that "all of the statements in the claim for compensation are admitted." The insurance carrier did not file answer. The claim was heard before Commissioner PHILLIPS, at which time both of the defendants appeared by the same attorneys.

The record discloses that after appearance of the parties and before evidence was heard, the commissioner said: "Gentlemen, I suppose you know the commission has but one rule of evidence, and that is all evidence is admissible at the peril of the parties that offer it, for that reason we entertain no objections to evidence, so, therefore, it will be unnecessary to make objections." It was then admitted that plaintiff was injured on December 2, 1926, by accident arising out of and in the course of his employment.

Plaintiff testified that in January, 1927, his employer paid to him the sum of $200 and that he received check for like amount each month thereafter for ten consecutive months, and that the checks were made by J. N. Chester. During the hearing defendants' counsel requested that plaintiff "be compelled to file with this commission, the original checks, beginning from December 1, 1926, through December 1, 1927, so we may know the amount of each check, to whom it was payable, and by whom the payment was made, that being the only evidence admissible in this case, those checks being in the possession of this Capital City Contracting Company and issued in Pittsburgh." The record also discloses that defendants' counsel said that plaintiff "has been paid wages in lieu of compensation." It was shown that the defendant employer reimbursed Mr. Chester for the payments made to the plaintiff. It was agreed that the employer's superintendent would endeavor to find the checks and thereafter show the same to the commissioner. Check in the sum of $1550, payable to the order of J. N. Chester and issued by the employer was produced to the commissioner, together with a statement from Mr. Chester that the check was the last payment "made to reimburse the payee for payments made for the maker's account to the employee for his injury." Defendants were not present by attorney at the time the check and statement were produced to the commissioner.

It is insisted by the defendants that the ruling made by the commissioner that objections would not be entertained was arbitrary, and that the commissioner allowed incompetent and hearsay testimony to be admitted. It would serve no useful purpose to discuss such contentions for the reason that though the ruling of the commissioner was conceded to be arbitrary and that hearsay and incompetent evidence was admitted, the result would not be affected thereby. The question remains whether or not there was legally sufficient evidence upon which to base the award. Upon this question the defendants say that the claim was not filed within six months after the injury; that there is no legal evidence that compensation was paid to the employee, or that compensation was paid within six months prior to the filing of the claim; that plaintiff's evidence that he was paid by check each month for eleven months following the injury was not the best evidence; that the checks showing such payments

was the best evidence, and inasmuch as they were not produced, there was no legally sufficient evidence of the payment of compensation; that the statement made by Mr. Chester to the commissioner that the check for $1550, issued by the employer to him, was for the purpose of reimbursing him for the payments he had made to plaintiff for his injury was hearsay and proved nothing. The insistence of the defendants that plaintiff be compelled to produce the checks was somewhat anomalous. It was made on behalf of both of the defendants, one of which had possession of the checks. The claim that the statement made by Mr. Chester to the commissioner was hearsay, overlooks the fact that the statement was produced to the commissioner by Mr. Helmreich, the superintendent of the employer, and also overlooks the fact that Mr. Chester was a member of the partnership, the employer defendant. He was active in the management of its affairs, and hence had power to make admissions on behalf of the partnership. [Monmouth College v. Dockery, 241 Mo. 522.] But regardless of such questions, the facts admitted disclose that plaintiff was entitled to the award. He was injured December 2, 1926; the injury resulted in total incapacity; he was thereafter paid eleven monthly payments.

In the record we find the following:

"CHAIRMAN PHILLIPS: The manner in which the accident occurred, Mr. Potter, is, the employee was foreman for the employer, and while doing his work, fell from a pump on which he was standing making measurements, fell about five feet and was injured?

"MR. POTTER: I think that is correct.

"CHAIRMAN PHILLIPS: Is there any question as to the employee accepting the act?

"MR. POTTER: No, sir.

"CHAIRMAN PHILLIPS: Is the employer a major employer?

"MR. SWANN: Yes, sir.

"CHAIRMAN PHILLIPS: Are you willing to admit, Mr. Swann, the wages of the employee were $200 per month?

"MR. POTTER: That is correct.

"MR. BUSHMAN: That is correct.

"CHAIRMAN PHILLIPS: Has any compensation at all been paid?

"MR. BUSHMAN: Yes, sir; it has been paid by the employer.

"CHAIRMAN PHILLIPS: But nothing by the insurer?

"MR. SWANN: He has been paid wages in lieu of compensation."

The last payment to plaintiff was made in December, 1927. His claim was filed within six months thereafter.

Section 3337 provides that compensation shall not be allowed unless claim therefor be filed within six months after the injury "or in case payments have been made on account of the injury . . . within six months from the date of the last payment." The admission made by both defendants was that plaintiff "has been paid

wages in lieu of compensation'' The payment of wages in lieu of compensation was payment ''on account of the injury'' within the meaning of the act.

So, regardless of other questions in the case upon the admission made in the answer and by counsel at the hearing, the plaintiff was entitled to have an award in his favor. There is no complaint that the award was excessive. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Arnold, J.,* absent.