In the Matter of the Claim of FRANCIS L. HENAULT, Respondent, against JOSEPH ENDRES Co. and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award of the State Industrial Board. The sole question presented is whether the claimant was an independent contractor or an employee. The claimant was an embalmer engaged in his regular occupation. He was working for the employer on a flat basis of ten dollars for each job that he did. He had an office in his house; his own letterheads and listing in the telephone book and he billed the company for services once a month. His work was not confined to this one company; he worked for whoever desired his services. The case of Link v. Kennedy (231 App. Div. 775; affd., 256 N. Y. 565) is clearly controlling and the facts are very similar to the facts in this case. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANK SVEC, Respondent, against THE CITY OF NEW YORK, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of compensation under the Workmen's Compensation Law. Claimant was employed as a chauffeur by the department of sanitation of the city of New York. He suffered an accident on April 27, 1933, which resulted in his permanent total disability. An award of compensation at the rate of $24.31 per week has been made. It is contested on the ground that this award, together with a pension now being paid to him by the city of New York, resulted in his receiving a greater amount per week than he actually earned while working. His salary at the time of the accident was $38.08 per week. Because of the disability caused by the accident he has been retired by virtue of section 553 of the Greater New York Charter which sets up a system of compensation for disability for the benefit of employees of the department of sanitation and is receiving $20.62 per week pension or retirement allowance. Thus he is now receiving a total of $44.93 per week or $6.85 more than he actually earned while working. The claimant had contributed three per cent of his salary to the fund from which he is now being paid this pension. Award unanimously affirmed, with costs to the State Industrial Board, under authority of section 30 of the Workmen's Compensation Law. (See, also, Matter of Fasce v. Auburn State Prison, 239 App. Div. 858.) Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.