PATRICIA C. CONTOIS *et al. vs.* STATE OF RHODE ISLAND.

DECEMBER 20, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an original petition for compensation brought by a decedent's widow and his minor children un-

der the workmen's compensation act. The cause is before us on the respondent's appeal from a decree of the full commission affirming the decree of the trial commissioner.

It was ordered therein that respondent pay to petitioner Patricia C. Contois $22 per week for a period of 600 weeks from July 8, 1960, the date of the injury to her husband Roland A. Contois; that it reimburse her the amount of the funeral bill of her late husband, namely, $489.86; and that it pay to Dr. Frank A. Merlino the sum of $35 as expert witness fee.

The basic facts of the case are not in dispute. Roland A. Contois was the husband of Patricia C. Contois and the father of two children, Pauline M. age 17 years and Ronald N. age 11 years.

At the time of his injury and death the decedent was a full-time employee of the state of Rhode Island in a clerical capacity in the office of the Rhode Island National Guard and received an average weekly wage of $70.87. He was also an enlisted member of the National Guard and in that capacity had entered on active duty for training on July 6, 1960. His assignment as a member of the 103rd Replacement Battalion was that of cook.

On July 6, 1960 he, with others, loaded supplies on trucks at the Cranston street armory in Providence for removal to Fort Varnum in Narragansett in this state. On July 7 Contois with one other man moved, among other things, a three-hundred-pound boiler from one building to another. On the following day with another guardsman he drove a 1½-ton truck to the naval air station at Davisville for the purpose of drawing rations for the unit. The truck was loaded to capacity and returned to Fort Varnum where it was unloaded. While removing a case of canned goods Contois was seized with a sharp pain in his chest which radiated down his left arm. He rested for awhile but worked until ten o'clock that night.

He arose at 4:45 the next morning and worked in the kitchen preparing the noon meal. He complained of pains similar to those of the day before and went to the dispensary. As no doctor was there he was driven to the dispensary at Quonset Point where he sat down in a chair to wait, but before a doctor could reach him he fell to the floor and shortly was pronounced dead. The medical diagnosis was myocardial infarction and the medical opinion was that this condition was brought about by the unusual exertion which Contois experienced in the two or three days prior to his death.

The question is: To what compensation, if any, are petitioners entitled? Contois at the time of his death was a member of the National Guard. He died in the performance of required duty and is therefore deemed to have been at the time an employee of the state and as such entitled to all the benefits of the workmen's compensation act, G. L. 1956, §28-31-9.

The sole point on which the parties are not in agreement is whether compensation payable under the compensation act is to be determined without reference to any amount receivable under any federal act.

It appears from the record that petitioners are or have been receiving certain benefits from the federal government through the Veterans Administration.

The differences of the parties arise from their views of the pertinency of §28-31-11 which reads as follows:

> "Effect of federal benefits to guardsmen.—Where an injured member of the national guard or the Rhode Island state guard receives pay, subsistence, hospitalization, or other benefits from the United States as the result of such injury, such payments shall not affect his right to receive compensation under chapters 29 to 38, inclusive, of this title. When the payments received from the United States are less than he would have been entitled to receive under said chapters, then he shall be entitled to receive all the benefits to which he

would have been entitled under said chapters less the benefits actually received from the United States."

The respondent contends that §28-31-11 applies to the present situation. Since §28-31-11 is silent as to death benefits the legislature did not intend that it should be applicable in such a situation.

On the facts as they appear before us and in the absence of express or necessarily implied legislative language to the contrary, petitioners are entitled to compensation under the state act for a period of 600 weeks from July 8, 1960.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John F. Sherlock, Jr.,* for petitioners.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondent.