Margaret A. POINT, Plaintiff-Appellant,

v.

WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Respondent.

Margaret A. POINT, Plaintiff-Respondent,

v.

WESTINGHOUSE ELECTRIC CORPORATION, Defendant-Appellant.

Nos. 31658, 31669.

St. Louis Court of Appeals.
Missouri.
Sept. 25, 1964.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 26, 1964.

Thompson, Mitchell, Douglas & Neill, Courtney Shands, Jr., W. Stanley Walch, Fred E. Arnold, St. Louis, for respondent-appellant.

Morris B. Kessler, St. Louis, for appellant-respondent.

BRADY, Commissioner.

This is a Workmen's Compensation proceeding wherein the award of the referee was modified by the Industrial Commission and that award, as modified, was affirmed by the circuit court. Both parties have appealed. We will refer to the Industrial Commission as the "commission" and to the parties by the designation of "employer" and "employee."

The employer's answer to the claim for compensation did not deny the occurrence of the accident nor that it was compensable. The answer placed " * * * the nature and extent of temporary disability and permanent disability * * *" in issue by stating that a dispute existed as to these matters.

There is no dispute as to the factual situation. The employee, a secretary, tripped and fell sustaining a subcapital fracture of the left femoral neck necessitating a reduction employing a Pugh type nail. The accident occurred on February 11, 1959. The employee was discharged from the hospital on March 7, 1959. She was confined to a wheel chair and after the passage of time became "restless" and informed her employer she would " * * * be happy to do some work." On June 1, 1959 she started to do some work which had been brought to her, although it was not the type of work she regularly performed for the employer. She continued to perform this work for eight weeks. It did not require a full eight-hour day every day, although it sometimes took that long. She stopped doing the work because " * * * I just didn't feel like doing it any more."

During the first five months the employee was temporarily and totally disabled, the employer paid her full wages by paying the difference between the compensation payments of $37.50 weekly and her regular wage. The employee testified these "salary extension payments" were " * * * based on the number of years of service, one month's salary for five years * * *" and that there was no requirement that she do any work at home in order to qualify. These payments ceased at the same time the employee ceased doing secretarial work at home. From the salary extension payments the employer withheld Federal income tax, city earnings tax, social security, payments to the Westinghouse contributory pension plan, and an amount for the purchase of savings bonds. The employer's local manager was asked if it was the employer's policy to continue salary payments. He answered: "Yes, for a thirty-day period; it's a general policy, more or less, or automatic thing for any employee. Beyond thirty days, it's a matter of local management's decision." Later this witness testified that payments made were the same whether absence from work was caused by on-the-job injury, off-the-job injury or sickness.

The commission made a gross award of $6,937.50. This consisted of 165 weeks of permanent partial disability at $37.50 per week and a twenty-week healing period at the same rate. There is no dispute concerning the propriety of the gross award. The sole issue on this appeal is the amount of credit to which the employer is entitled arising from payments made to the employee prior to the entry of the award. The first item of credit arises from the fact that the commission found that during the eight weeks the employee worked at home " * * * she performed substantial services for her employer and that the weekly payments during this period were in fact wages paid for services rendered and were not payments made on account of the injury * * *." The commission cited the case of Gordon v. Chevrolet-Shell Division

of General Motors Corp., Mo.App., 269 S.W.2d 163, as authority for this position and allowed the employer credit for $2,019.-64 representing 53⅚ weeks of temporary total disability payments of $37.50 per week instead of $2,314.29 representing 61⅚ weeks at the same weekly figure.

The second item of credit which the commission allowed the employer arises from the salary extension payments made to the employee during the first five months she was temporarily and totally disabled. The total of the gross salary extension payments allowed by the commission was $2,154.37. With respect to this credit the commission entered its findings as follows: " * * * The employee does not deny that she has been paid these salary extension payments. She does not contend that these payments were made because of personal illness. She does not maintain that they were made because of some non-compensable accident, nor does she produce any evidence to show that the payments were made for some other reason not connected with the fact that she had suffered an injury. These things being true, we are impelled to the conclusion that in her particular case the salary extention (sic) payments were made on account of the injury resulting from the accident of February 11, 1959. As such, they are brought within the plain purview of Section 287.160(3) RSMo 1949 [V.A. M.S.]. We are well aware that this section has not been fully construed by our courts and that the Commission, being an administrative body, does not authoritatively propound the law. We have in the past literally applied this section and given the employer credit for payments made on account of the injury. The Kansas City Court of Appeals has at least given dicta approval to this policy. Fisher vs. City of Independence, 350 SW.² 268, 1. c. 270. Accordingly, we conclude that the employer is further entitled to a credit of $2,154.37 against this award."

In addition to the salary extension payments the employer also made vacation payments totaling $309.96 to the employee during the period of her total disability. The commission found that these payments were made as vacation pay for " * * * accrued vacation benefits and was not paid as wages or on account of the injury * *." The commission did not grant the employer a credit for this payment.

The issues involved in these appeals are readily apparent from the above statement of facts. The employer contends that the commission should not have reduced the credit allowed it for temporary total disability on account of the eight weeks the employee worked at home. It also contends the commission should have granted it an additional credit of $309.96 which represents the vacation pay the employer paid the employee while the latter was disabled. With respect to the employee's appeal her contention is that the commission should not have allowed any credit arising from the salary extension payments. In the alternative the employee's position is that if any credit is to be allowed, the correct sum is in the amount of $845.44.

Section 287.160(3), RSMo 1959, V.A.M.S., in those parts pertinent to this appeal, reads as follows: "The employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents on account of the injury * * *."

The rules governing our review in proceedings of this nature are too well established to require citations. When the question is one of law we are not bound by the commission's findings. However, as to factual matters, our duty is limited to ascertaining if, upon the whole record and considering the evidence in the light most favorable to the employee, the commission could have reasonably made its finding and reached its result.

The first issue here involved arises from the action of the commission in refusing to allow the employer credit for the eight weeks the employee worked at home. The commission found " * * * that the weekly payments during this period were in

fact wages paid for services rendered * * *." In reaching that decision the commission cited and relied upon a previous decision of this court. In Gordon v. Chevrolet-Shell Division of General Motors Corp., supra, the contention was that the employer was entitled to credit for the wages paid to the employee after he returned to work. This court rejected that contention on the ground that the wages paid were earned wages and were not paid on account of the injury. There are differences between the factual situations in Gordon and in the instant case. In Gordon the employee returned to his regular work while in the instant case the employee did not perform her regular assignments but did other work which was assigned her. In Gordon the employee returned to the employer's place of business and was there during the regular and usual working hours, while in the instant case the employee performed this work at home and during an irregular working schedule. Nevertheless, the matters above referred to do not so distinguish the instant case as to preclude the application of what this court said in the Gordon case at 1. c. 171, to-wit: "Section 287.190 RSMo 1949, V.A.M.S. deals with injuries which leave an employee permanently maimed and which are likely to permanently impair his ability to carry on the ordinary pursuits of life, and which reduce his future occupational opportunities. Said section does not require a showing of loss of earning power as a prerequisite to the recovery of compensation payments. To hold the employer entitled to credit for wages earned would be inconsistent with the apparent purpose of the Act." The services performed were valuable and the work the employee did at her home constituted a benefit to the employer. It follows that the commission correctly ruled the employer was not entitled to credit for the eight weeks the employee performed substantial services at home. Gordon v. Chevrolet-Shell Division of General Motors Corp., supra; see Schneider, Workmen's Compensation Text,

Vol. II, Sec. 2319 and the note in 175 A.L.R. beginning at page 726.

■ The employer also contends the commission erred in not granting it credit for the vacation pay paid the employee during her disability. There is no mention of the vacation pay in the testimony. This issue came into the case due to an exhibit filed by the employer which was a complete resume of the Workmen's Compensation payments and other payments made to the employee by the employer. The term "vacation pay" is not otherwise referred to nor is there any evidence as to how this "vacation pay" accumulated. The burden is clearly upon the employer to substantiate his claim to credit arising from this source. In the instant case in the absence of any showing to the contrary, the commission was entitled to consider this sum as being based upon the employee's length of service and earned by the employee for services rendered to the employer in the past. Accordingly, under the factual situation here present "vacation pay" cannot be considered as "wages paid the employee after the injury" nor as a sum paid "on account of the injury." The commission properly denied the employer credit for this sum.

It follows from what has been said above that the employer's appeal, based on its contentions that the commission should not have reduced the credit allowed it on account of the eight weeks the employee worked at home and that the employer was entitled to a credit for the vacation pay it paid the employee during her disability are without merit. The issues on the employer's appeal are accordingly found for the employee.

The only issue involved in the employee's appeal is her contention that the commission improperly credited the employer with the amount of salary extension payments made during the employee's disability. The commission found these payments to have been made "on account of the injury."

In ruling upon this issue the commission cited Fisher v. City of Independence, Mo.

App., 350 S.W.2d 268, reversed on another point, Mo., 370 S.W.2d 310. In that case Fisher was paid his regular weekly wages for a period of 45 weeks, although the claimant performed no services during that time. The commission allowed the employer credit for the full amount of salary paid. In its opinion the Kansas City Court of Appeals states that " * * * it would seem * * * " that the commission properly allowed this credit but pointed out that neither party had appealed from that ruling and the issue was therefore not before it. This dicta cannot be considered authority upon the issue here involved.

With respect to the allowance for a credit of $2,154.37 to the employee as a result of their payments the employer admits that the commission made a mathematical error in computing the amount of this credit. The record clearly shows that while the salary extension payments were being made, the employee was also being paid $37.50 per week for temporary total disability and that these temporary total disability payments were deducted from the salary extension payments paid the employee during this period. The employer concedes that the commission should have deducted the temporary total disability payments of $808.93 from the gross salary extension payments of $2,154.37 so that the salary extension credit allowed by the commission should have been $1,345.44, the net amount which the employer testified was paid the employee as salary extension payments. However, the employer insists it was not error to award it credit in this amount.

The commission held, and we have herein affirmed, the credit of eight weeks of temporary total disability payments on the basis that these were earned wages. It is inconsistent to hold that, when considering the credit arising from temporary total disability payments, the employee's work during this eight week period rendered the payments made for such work earned wages and thus prevented any credit to the employer, and at the same time to hold that when considering the credit the employer

claims arose from the salary extension payments, the same work for the same period of time did not constitute earned wages but was paid "on account of the injury" and thus entitle the employer to credit for that amount. The total amount paid the employee during this weekly period constituted earned wages. There is no evidence that the work given the employee and which she did during the eight weeks was to be paid for at a rate less than her regular salary. Accordingly, the credit to be allowed the employer for salary extension payments, if any sum is properly allowable, is $845.44. This figure represents the total of salary extension payments made, $2,154.37 less $808.93 of temporary total disability payments as conceded by the employer and also less eight weeks of earned wages at $62.50 weekly or $500.00.

■ We pass now to a consideration of the employee's contention that not even this amount constitutes a proper source of credit for the employer. It is fundamental that in construing a provision in an act constituting a comprehensive code the particular section involved is to be read with and construed in the light of all the provisions of the act involved. The employee relies upon certain other sections of the Workmen's Compensation Act. She cites § 287.100, RSMo 1959, V.A.M.S. That section applies only to public employees and in any event it merely provides that nothing in the act shall be construed to prevent the payment of full salaries. It does not provide that the employer shall be denied credit for the full salary paid during disability when the final award for permanent partial disability is made. The employee also cites § 287.270, as support for her contention. In the parts thereof pertinent to our inquiry that section provides that no benefits derived from any other source than the employer are to be considered in determining the compensation due. The only benefits here involved are those that admittedly came from the employer. She also cites and relies upon § 287.530, which provides a method of commuting compensa-

tion awards when they are paid in advance, and § 287.370, which provides for a substitute compensation arrangement when such is approved by the superintendent of insurance. By their terms these statutes have application to situations different from that here involved. § 287.530, supra, deals with a situation where a final award has been made and not with a payment prior to the entry of the award as is here involved, and there is no substitute plan in this case.

The employee's contention that § 287.160 (3), supra, merely entitles an employer to credit salary extension payments against the employee's liability for temporary total disability payments under § 287.170 and that such payments are not to be considered as paid "on account of the injury" is without merit. In the first place the proper construction of § 287.160(3), supra, is clearly indicated by the plain language found therein. In § 287.160(3), supra, the legislature provided for credit for payments made on account of the injury "except for liability under Sec. 287.140" which involves medical benefits. Having made one exception, the legislature, had it wished to do so, could have as easily provided another and adopted the employee's contention that these salary extension payments are only to be credited against the employer's liability for temporary total disability by adding the words "and Sec. 287.190" which is the portion covering payment for permanent partial disability. This it failed to do and certainly that failure is of significance.

In the second place effect must be given to the fact that in § 287.160(2) the legislature did provide that interest on installments of compensation shall run " * * * from the date when due." In Komosa v. Monsanto Chemical Co., Mo., 317 S.W.2d 396, it was held that payments of permanent partial disability were not "due" within the meaning of that provision until the award was entered by the commission. If the legislature had intended that payments made "on account of the injury" could only be credited against temporary total disability payments when due, it would have incorporated in § 287.160(3), supra, language similar to that found in § 287.160 (2), supra, such as providing the employer shall be entitled to credit " * * * from the date when due * * *" for wages paid and for any sum paid on account of the injury. The fact that such a provision was incorporated into § 287.160(2), supra, and was omitted from subparagraph 3 of that same section illustrates the legislature intended a different approach to the application of the latter section.

■■ As has been above indicated, we find the employee's contention that the employer is not entitled to credit for the $845.-44 salary extension payments made to the employee during her disability is without merit. We are led to this conclusion by two considerations of primary importance. The first of these is § 287.800. Therein we are admonished to construe the provisions of this act liberally and with a view to the public welfare. Such a construction calls for an interpretation of the various sections of this act that will encourage employers to comply swiftly with all the requirements of the act. It also requires a construction that will not penalize the employer who promptly and more than sufficiently meets those requirements. An employer who has paid an employee at the time of that employee's greatest need more than he was obligated to pay should not be penalized by being denied full credit for the amount paid above the requirements of the act as against the amount which might subsequently be determined to be due the employee. To do so would inevitably cause employers to be less generous. By limiting the payments the employer can safely make to the amount of temporary total disability the result would be that the employee would lose his full salary at the very moment he needs it most. Such a construction is neither liberal nor one made with a view to the public welfare.

The second consideration upon which we rely is the construction given the term "on account of the injury" as it appears else-

where in the Workmen's Compensation Act. § 287.430 provides: "No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission one year after the injury or death, *or in case payments have been made on account of the injury or death,* within one year from the date of the last payment." (Emphasis supplied.) In the case of McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S.W.2d 1067, the employer paid full wages to the employee for a period of approximately four months after the injury, during which time the employee performed no services for the employer. It was held (1. c. 1069): "* * * These payments must properly be treated and considered as having been made 'on account of the injury' within the meaning of section 3337, supra. * * *" The section of our 1929 statute referred to in that quotation is now § 287.430, supra. The payment of these wages cannot be construed as being "on account of the injury" under § 287.340, and, under what is essentially the same factual situation as found in McEneny be held not to be made "on account of the injury" under § 287.160(3), supra. See Olney Seed Co. v. Industrial Commission, 403 Ill. 587, 88 N.E.2d 24, 1. c. 28 (Ill.1949). The same result was reached when the issue under consideration was whether wages paid in lieu of compensation were payments made "on account of the injury" as that sum was used in § 3337, RSMo 1929, V.A.M.S. now § 287.430, supra. See Lawson v. Capital City Contracting Co., 227 Mo.App. 256, 52 S.W.2d 421. It follows that the commission properly allowed the employer credit against the permanent partial disability award for "salary extension payments" made to the employee during her temporary total disability but erroneously and incorrectly computed the credit to be allowed. Compare Murphy v. Burlington Overall Co., 225 Mo.App. 866, 34 S.W.2d 1035(4).

The judgment should be reversed and this cause remanded to the circuit court with directions to instruct the commission to enter its award in favor of the employee in the amount of $6,937.50, which award is subject to a credit in favor of the employer in the amount of the sum of $2,019.64, the temporary total disability payments made by the employer for 53⅗ weeks, and $845.44, the net salary extension payments properly allowable to the employer under the provisions of this opinion. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is reversed and cause remanded with directions.

WOLFE, Acting P. J., ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.

RUDDY, J., not participating.