Russell Robert STROHMEYER,
Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Defendant-Respondent.

No. 31815.

St. Louis Court of Appeals.

Missouri.

Sept. 21, 1965.

Rehearing Denied Oct. 20, 1965.

Application to Transfer Denied
Dec. 13, 1965.

R. S. Reis, St. Louis, for plaintiff-appellant.

Evans & Dixon, John R. Dixon, John Mohler, Leo E. Eickhoff, Jr., St. Louis, for defendant-respondent.

BRADY, Commissioner.

This appeal, arising out of a claim for compensation filed by the appellant who will hereafter be referred to as "the claimant," comes to this writer upon recent reassignment. The only issue involved is whether the respondent who will be referred to as "the employer" is entitled to a credit of $5,526.30 which it paid to the employee after his accident and injury. The referee and the Industrial Commission allowed the credit and that decision was affirmed by the circuit court. We will hereafter refer to the Industrial Commission as "the commission" and the Workmen's Compensation Act as "the act."

The parties agreed that the employee suffered a compensable injury on November 16, 1960 and that there was no issue as to notice of the injury or as to timely filing of the claim. It was stipulated that the claimant's average weekly wage was $125.00; that the compensation rate for temporary total disability and for a healing period was $45.00 per week; that the rate for permanent partial disability was $40.00 per week; that the claimant had a disability of 33⅓% of the man as a whole as a result of this accident and injury; and that he is entitled to 133⅓ weeks of permanent partial disability. It was also agreed that the claimant was off work on account of this injury from the date of its occurrence until June 11, 1961, during which time the claimant received his regular $125.00 per week for the first 26 weeks after his injury and $62.50 each week thereafter until he returned to work. He did no work for the employer during this

time. He was paid with the regular payroll checks at the regular two-week interval. The claimant worked through October 12, 1961, and then was off work as a result of this injury until June 11, 1962. During this period he was paid one-half of his salary or $64.00 per week as his wages had risen to $128.00 per week. Again the payments were made on regular payroll checks at the regular intervals as if he had been working. These checks did show deductions for city earnings tax, union dues, hospitalization insurance, life insurance, and a contribution to the United Fund. Federal income tax and social security taxes were not deducted. The check stubs had the following notation on them: "Amount due on account of accident disability for period ending 1–7–61 under the Mo. Workmen's Compensation Law and for accident disability benefits under this co's benefit plan for same period. * * *"

There was then in full force and effect a "Plan for Employees Pension Disability Benefits and Death Benefits" which will be referred to as "the Plan." This plan was entirely noncontributory. It is administered by a "benefit committee" appointed by the employer's directors and consisting of the heads of various departments and a secretary. Under the provisions of Section 5 of this plan the claimant, who had 19 years of service with the company, was entitled to 26 weeks of benefits at the rate of full pay and 26 weekly payments of one-half of full pay. Section 1 thereof reads as follows: "The Southwestern Bell Telephone Company undertakes in accordance with these Regulations, to provide for the payment of definite amounts to its employees when they are disabled by accident or sickness or when they are retired from service, or, in the event of death, to their dependent relatives." Section 8, Paragraph 27, reads as follows insofar as is pertinent to this claimant: "In case any benefit or pension, which the Committee shall determine to be of the same general character as a payment provided by the Plan, shall be payable under any law now in force or hereafter enacted to any employee of the Company or to his beneficiaries under such law, the excess only, if any, of the amount prescribed in the Plan above the amount of such payment prescribed by law shall be payable under the Plan, * * *." Paragraph 15 of that same section provides that in the absence of unusual circumstances not here shown to exist, disability benefits paid under the plan are to be paid at the same intervals of time as would govern the payment of wages to the employee if he were then in the performance of duty.

Paragraph 24 of Section 8 provides: "In case of accident resulting in injury to or death of an employee which entitles such employee or his beneficiaries to benefits under these Regulations, he or they may elect to accept such benefits or to prosecute such claims at law as he or they may have against the Company. If election is made to accept the benefits, such election shall be in writing and shall release the Company from all claims and demands which the employee or his beneficiaries may have against it, otherwise than under these Regulations, on account of such accident. * * * The right of the employee to accident disability benefits under these Regulations shall lapse if election to accept such benefits, as above provided, is not made within sixty days after injury, or within such greater time as the Committee shall, by resolution duly entered on its records, fix for the making of such election."

It will serve no useful purpose to again cite the cases setting forth the familiar rules governing appellate review of decisions of the commission. It is well established that when the question is one of law we are not bound by the findings of that body. As to factual matters we are to ascertain if, upon the whole record and considering the evidence in the light most favorable to the findings made, the commission could have reasonably made those findings and reached the result it did.

The claimant has briefed three allegations of prejudicial error. He first contends that

he had a "vested right" to payments made to him under the plan and therefore the employer was not entitled to credit for those payments. The second allegation of error is that the trial court and the commission misconstrued the provisions of § 287.270, RSMo 1959, V.A.M.S., which he contends bars this credit. His last allegation of error is that the credit was improperly allowed due to a misconstruction of the provisions of § 287.160, (3), RSMo 1959, V.A.M.S., by the commission and the trial court.

■ The claimant's first allegation of error somewhat begs the question. Claimant assumes that if he had a "vested right" to the benefits called for by the plan then the employer was not entitled to credit for the benefits paid. That may or may not be so. We do not reach that point in consideration of this allegation of error for the evidence is that he had no vested right and was in fact barred by the provisions of the plan from any claim against the employer arising from this accident. Paragraph 24, Section 8, is clear and unambiguous. Read with the existence of the act in mind it means that after an accident resulting in injury to an employee occurs, the employee has sixty days in which to elect to accept the benefits provided by the plan unless that time is extended by the benefit committee. His election must be signified in writing. The other alternative is for the employee to elect to " * * * prosecute such claims at law as he * * * has against the employer." If he does elect to come under the plan and so notifies his employer, such election shall release his employer from all claims and demands he has against it arising from this accident except for those claims he may make under the plan. In the instant case it is admitted these benefits were paid by the employer and accepted by the claimant who has failed to raise any issue about the manner of the payment. He does not contend he failed to elect or failed to notify the employer of his election. Neither does he contend the plan is inoperative or unenforceable in any respect. He does not, for example, raise any contention that

part of the plan requiring the employer to pay him benefits upon his application is to be given effect but the release provided for in Paragraph 24 of Section 8 cannot be given effect as it requires him to waive the benefit of the Workmen's Compensation Act. The claimant makes no attack upon the plan at all, and we do not rule upon the legality or enforceability of the plan or of any provision thereof. We must take the case as if the election to accept the benefits provided by the plan was taken in the proper manner as required by Paragraph 24 of Section 8. That is to say, we must take this case as one where the claimant elected to accept the benefits provided by the plan and notified the employer of that election in writing. By so doing, as is specifically provided in Paragraph 24 of Section 8, he released the employer from "all claims and demands" which he had against it on account of this accident except for those arising under and provided for by the plan. That being so it is clear that the claimant had no "vested right" to any payment made to him under the plan as a result of this injury, and we need not rule whether the existence of such a vested right would prevent this credit. In this connection, however, we would make the comment that Paragraphs 24 and 27 of Section 8 are clear indications that the plan was designed to avoid any duplication of payments. This allegation of error must be ruled against the claimant.

■ In Point v. Westinghouse Elec. Corp., Mo.App., 382 S.W.2d 436, this court had before it claimant's second allegation of error with respect to § 287.270, supra. What we said there is equally applicable here. (See Point, supra, l.c. [4], p. 440.) That section forbids the consideration of savings and insurance the claimant may have had in determining compensation. It also forbids the consideration of " * * * any benefits derived from any other source than the employer or the employer's insurer for liability under this chapter * * *" in determining compensation. In Point v. Westinghouse Elec. Corp., supra, we held that

since it was undisputed the payments involved came only from the employer, this section had no application. In this case the same is true; these payments came only from the employer. However, the claimant argues that we did not give proper weight to the words "for liability under this chapter." He contends that this phrase changes the whole meaning of this section and, as stated in his brief, " * * * The meaning then becomes that nothing other than the $45.00 a week, which is the employer's liability under this chapter, can be considered in determining the compensation due hereunder." We cannot agree. If such a construction were to be adopted, then § 287.-270 would be in conflict with the clear and unambiguous terms of § 287.160, (3). That section, in that part pertinent to this allegation of error, requires the employer to be given credit " * * * for any sum paid to * * * the employee * * * on account of the injury * * *." The word "any" has been construed as being all comprehensive and the equivalent of the word "all." Hamilton Fire Ins. Co. v. A. J. Cervantes & Co., Mo.App., 278 S.W.2d 20, l.c. 24. In Dohring v. Kansas City, 228 Mo.App. 519, 71 S.W.2d 170, l.c. 172, the phrase "on account of" was held equivalent to the words "as a result of." The effect of claimant's interpretation of § 287.270, supra, when read in the light of the explanation given in Hamilton Fire and Dohring, supra, of the language used in § 287.160, (3), supra, would be that the legislature intended to pass two contradictory sections of the same comprehensive code. Such a position is untenable.

■ The purpose of § 287.270, supra, was not that urged upon us by claimant but was to make sure that employees would not lose the advantage of any savings or insurance they might have nor lose the benefits due him through membership in fraternal orders, group association, and the like. Statutes similar or identical to § 287.270, supra, are to be found in almost every Workmen's Compensation Act. Thus it is that this section has been held to prevent the considera-

tion, when determining compensation, of such things as: pensions from other sources —Zasslow v. Service Blue Print Co., Mo. App., 288 S.W.2d 377, l.c. [6–8], p. 381–382; Loges v. Town of Newton, 5 N.J.Super, 433, 69 A.2d 556; Svec v. City of New York, 251 App.Div. 758, 295 N.Y.S. 393; (2) insurance benefits under a policy paid for by the employee—Anderson v. Industrial Commission et al., 108 Utah 52, 157 P.2d 253; (3) the receipt of medical benefits and payments by a government agency or emergency relief commission, such as Social Security or welfare payments, etc.; City of Evanston v. Industrial Commission, 367 Ill. 155, 10 N.E.2d 644; (4) service or Veterans Administration pension or benefits; Contois v. State of Rhode Island, R. I., 186 A.2d 741; (5) partial disability benefits received from a prior workmen's compensation accident in the state of residence or in another state; Mavroulias v. Mugiana, 155 Pa.Super. 573, 39 A.2d 263; (6) life insurance policy on the life of an employee payable to his widow; Kennedy-Van Saun Manufacturing and Engineering Co. v. Industrial Commission, 355 Ill. 519, 189 N.E. 916; (7) sums paid by relief association of which the employee was a member; State ex rel. Duluth v. District of St. Louis County, 134 Minn. 28, 158 N.W. 791; (8) wages paid by another employer, subsequent to an injury and during the period that claimant was still entitled to disability benefits because of the prior injury; Guillory v. Coal Operators Casualty Company, La.App., 95 So.2d 201; (9) retirement allowance accumulated in part by employee's contribution to an annuity fund; Dalton v. City of Yonkers, 262 App.Div. 321, 29 N.Y.S.2d 42, affirmed 287 N.Y. 592, 38 N.E.2d 387. This section of the act was never intended to cover the situation present in the case at bar. Claimant's second allegation of error is without merit.

■ The claimant contends the commission and the trial court have misconstrued § 287.160, (3), supra. Some of the arguments advanced in support of this contention are the same as were advanced in the

Point case, supra. Those interested may refer to Point v. Westinghouse Elec. Corp., 382 S.W.2d 436, at 1. c. [4], pp. 440–441. The reasoning and statutory interpretation which we followed in Point at the citation immediately above in connection with the contention that § 287.160, (3), supra, limits the credit claimed by the employer to the amount of compensation then due, that is, to temporary total disability payments, is equally applicable to the instant case where the credit sought arises from payments made under a written formalized plan rather than as a result of company policy as was the case in Point v. Westinghouse Elec. Corp., supra.

However, the arguments advanced with respect to § 287.100, RSMo 1959, V.A.M.S., are more extensive in the instant case than those presented in Point and a further look at that section is in order. It is first to be noted that the first sentence of § 287.100, supra, contemplates a credit for the public employer from all amounts paid from such public benefit or pension funds in the same manner as § 287.160, (3), supra, under the construction given it by the employer, and this court in Point v. Westinghouse Elec. Corp., supra, does as to private employers. Implementation of this sentence of § 287.100, supra, may be found in § 86.103, § 86.297, § 86.460 of the Police Relief and Pension System; § 87.255 of the Firemen's Retirement and Relief System; and § 169.470 of the Teacher and School Employee Retirement System. These sections in essence provide that any amounts payable under the act shall be paid in lieu of any benefits payable out of those funds. The provisions of these statutes are similar in purpose and effect with Paragraph 27 of Section 8 of the plan.

The second sentence of § 287.100, supra, provides that the act shall not "* * * be construed as interfering with the right of any public employee to draw full wages, or collect and retain his full fees, so long as he holds his office, appointment or employment, but the period during which the same are received after the injury shall be deducted from the period of compensation payments due hereunder." In Point we held § 287.100, supra, applicable only to public employees. It so states, and we cannot disregard its plain language in order to infer from it legislative intent as to private employees. But the claimant contends that such a construction is improper for the reason that if § 287.100, supra, be so construed as to apply only to public employees, it is unconstitutional as a special law. (We hasten to note that there is no constitutional point raised in this case. The claimant is using such an argument only to bolster his contention the interpretation we gave § 287.-100, supra, in the Point case was incorrect.) The legislature has the power to designate a class and to legislate with regard to that class so long as the law applies to all the members thereof, State ex rel. Evans v. Gordon, 245 Mo. 12, 149 S.W. 638, 1. c. 642, and provided that the classification rests upon some real difference which bears a reasonable and just relation to the act with respect to which the classification is proposed. State ex inf. McKittrick ex rel. Ham, v. Kirby, 349 Mo. 988, 163 S.W.2d 990, 1. c. 994. It can hardly be doubted that there are essential differences between public employees and private employees which furnish a reasonable basis for a distinction between them. For example, the appointment, tenure and removal of public employees is different from that of private employees. The remuneration given to public employees is fixed by statute and cannot be varied during the terms of office and that is not true of private employees. Private employers are not immune from suit as is the state. Moreover, significance should be given to § 287.090, RSMo 1959, V.A.M.S., which immediately precedes § 287.100, supra. The effect of that section is to exclude the state and other governmental employers from the coverage of the act and to permit such public employers to adopt the law by election. Certainly that is a different ap-

proach than that adopted by the act with respect to private employers and doubtless arises from the fact that when the act became effective in 1927 the vast majority of private employees did not receive their full salary when they were disabled, while most public employees were continued at full salary during their disability.

The qualification contained in the second sentence of § 287.100, supra, is not a credit provision but is one of disqualification. It imposes a disqualification on the public employee which continues week by week to reduce the obligation to pay any compensation benefits so long as he retains his office and draws his full salary. It should be noted that if this disqualification were to be applied to the claimant in the instant case, nothing would be due him from the employer as he has continued to draw his full salary for a period longer than the twenty-week healing period and the 133⅓ weeks of permanent partial disability entitlement. It should also be noted that § 287.160, (3), supra, has no provision for disqualification. Doubtless this is for the reason that private employees have no right to continue to hold their employment and draw their full salary during disability. We cannot agree that § 287.100, supra, in any way mitigates the plain and unequivocal wording of § 287.160, (3), supra, providing that the employer is entitled to credit for any sum paid the claimant on account of the injury.

There are several other sections in the Workmen's Compensation Act which are cited by the claimant and which he urges to support his contention the intent of the legislature was to limit the provisions of § 287.160, (3), supra, to the amount of compensation due. It will serve no useful purpose to set them out at length. We have carefully considered the arguments advanced with respect to each and find they are fully answered by the interpretation given to the act in Point v. Westinghouse Elec. Corp., supra, and in the instant case.

It should be emphasized that we do not hold that a plan or agreement or company policy could not be drawn and in force between the employer and the employee which would allow both compensation and benefits under such an arrangement to be paid. We do hold that such a case is not before us in this appeal for the reason that the provisions of the plan here involved specifically negate any such co-extensive arrangement.

Is the award of the commission to be upheld? First, we must determine just what the commission did in fact hold. The referee held the employer to have paid the claimant the amount he allowed as credit to be, quoting from the referee's decision, " * * * wages paid * * * after the injury and on account of the injury * * *." In the first paragraph of its final award the commission stated: " * * * the Commission adopts said referee's findings of fact, his rulings and conclusions of law and the reasons for his decision * * *." However, in the last paragraph of its final award the commission quoted § 287.160, (3), supra, and followed that with this statement: "We find and believe that the sole reason the claimant was paid benefits from the plan was on account of the injury. This brings him, we believe, precisely within the language of the statute. * * *" The reasonable interpretation to be given to this language is that the commission was granting the employer this credit only upon the ground that it qualified under § 287.160, (3), supra, as a " * * * sum paid to or for the employee or his dependents on account of the injury * * *." Giving the claimant the benefit of the doubt raised by the somewhat contradictory statements in the final award we will regard the commission as ruling that the amount for which credit is sought was paid the claimant as wages paid him after the injury and also as a sum paid on account of the injury.

■ In support of its contention that these payments were in fact wages paid aft-

er the injury the employer refers to Section 5 of the plan where, in determining the length of benefits due under the plan, the words "pay" and "half pay" are used. It also refers to other sections in the plan where the word "wages" is used. The employer then cites Webster's New International Dictionary, Third Edition, wherein wages is given as being synonymous with "pay." Whether or not the terms "pay" and "wages" are synonymous and interchangeable is not persuasive in the instant case even though it might be in other cases. This for the reason that here other evidence clearly refutes any contention the words were used synonymously. The notations on the check stubs of the payments made to the claimant show clearly that the payments were made " * * * under the Mo. Workmen's Compensation Law and for accident disability benefits under this co's benefit plan * * *." There is no indication that any of the payments were to be made or were ever considered as wages. The deductions ordinarily made from the claimant's wages were not made. The claimant was not performing his duties nor any work for the employer during the time covered by these payments. The fact that these benefits were paid the claimant at the same time as he would have received his wages had he been then performing his duties is explained by Paragraph 8 of Section 15 as set out earlier in this opinion. The conclusion is inescapable that the employer cannot be entitled to a credit for them against the award of compensation on the basis that they were " * * * wages paid the employee after the injury * * *" as stated in § 287.160, (3), supra.

Was the commission authorized to hold the payments for which the employer seeks credit fall within the provision of § 287.160, (3), supra, as " * * * any sum paid to * * * the employee * * * on account of the injury"? We so hold. The notations on the check stubs show they were paid "on account of accident disability * * *." Moreover, payments made to the employee for a period of approximately four months after the injury and during the time when the employee performed no services for the employer were held to have been made "on account of the injury" within the meaning of that phrase as used in § 287.430, RSMo 1959, V.A.M.S. See McEneny v. S. S. Kresge Co., Mo.App., 53 S.W.2d 1075, aff. 333 Mo. 817, 62 S.W. 2d 1067. To hold these payments not to constitute " * * * any sum paid to * * * the employee * * * on account of the injury" would result in the case law of this state affording a different interpretation to the words "on account of the injury" when that phrase is used in § 287.160, (3), supra, than when the same phrase is used in § 287.430, supra. Both of these sections are part of the same comprehensive code and such a distinction in interpretation would be without support in reason or in the rules of statutory interpretation.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court. The judgment is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.