**Orrin P. HULL, Appellant,**

v.

**SOUTHWESTERN BELL TELEPHONE COMPANY, Respondent.**

**No. KCD 28636.**

Missouri Court of Appeals, Kansas City District.

May 1, 1978.

Panethiere & Helfand, Henry A. Panethiere, Richard Helfand, Kansas City, for appellant.

Robert M. Kroenert, Morrison, Hecker, Curtis, Kuder & Parrish, James E. Taylor, Kansas City, Jack C. Lorenz, St. Louis, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Orrin Hull suffered an injury during the course of his employment with Southwestern Bell and received an award of $8,677.50 for his Workmen's Compensation benefits. From this amount the referee allowed a credit to Bell of $3,166.80 for payments Bell made to Hull under an employee benefit plan. On Hull's appeal the Labor and Industrial Relations Commission affirmed. A further appeal to the circuit court resulted in affirmance also.

On this appeal Hull questions only the propriety of allowing Bell a credit for payments made under the benefit plan. Affirmed.

As a part of the collective bargaining agreement between Bell and the communication workers, Bell maintained an employee benefit plan. Under this plan Bell agreed to pay certain benefits when employees were injured, with such benefits including the amount the employee would

be entitled to receive under Workmen's Compensation.

The same plan involved in this case was extensively reviewed and considered by the St. Louis District of this court in *Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W.2d 1 (Mo.App.1965) and by this court in *Cowan v. Southwestern Bell Telephone Co.*, 529 S.W.2d 485 (Mo.App.1975). No contention is made that any changes have been made in the plan as it was considered in *Cowan* and *Strohmeyer*. It was observed in both *Cowan* and *Strohmeyer* and remains true in this case that the plan is not contributory on the part of the employees and the benefits are payable by Bell.

The only new contention made by Hull is that the employees indirectly contribute to Bell for the benefits payable under the plan because the union, in negotiating a contract with Bell prior to the date of this injury, gave up certain wage increases in order to retain the benefits of the plan. The only evidence introduced to prove this contention was the testimony of a union negotiator who stated the union first attempted to obtain fringe benefit increases and then adjusted its wage demands in view of its success on the benefits package. There was no evidence as to any precise adjustment in wage demands, nor was there any evidence to show the company considered the benefits payable under the plan to be directly or indirectly related to the amount of wage increase granted by the agreement. In short, the contention the employees indirectly contributed to the plan by reason of tempered wage demands is wholly the subjective conclusion of the employee.

Hull pitches his argument against the allowance of credit on the premise the claimed indirect contribution converts the plan into insurance under § 287.270, RSMo 1969. This section provides that no savings or insurance of the employee may be considered in determining the amount of Workmen's Compensation. It was specifically held in both *Cowan* and *Strohmeyer* that the plan under consideration is not insurance within the meaning of this section. *Cowan* at 488[2] and *Strohmeyer* at

5[4]. The argument advanced fails because of a failure of proof and because this plan has already been held not to be insurance under § 287.270.

It would serve no useful purpose to prolong this opinion with a discussion of the plan. The only new matter raised by Hull has already been discussed. All other facets of the plan and the fact that Bell is entitled to credit for payments made under the plan have been fully discussed and considered in *Cowan* and *Strohmeyer*. This includes Hull's contention that credit should be limited only to temporary total disability payments. This likewise was specifically ruled in *Cowan* at 489.

The judgment is affirmed.

All concur.