**Nathan BUIE, Appellant,**

v.

**FORD MOTOR COMPANY,
Respondent.**

**No. WD 38865.**

Missouri Court of Appeals,
Western District.

Nov. 24, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Application to Transfer Denied
Feb. 17, 1988.

Allan H. Bell, North Kansas City, for appellant.

Chukwuemeka (Chuck) N. Chionuma, Kansas City, for respondent.

Before KENNEDY, P.J., and
SHANGLER and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

At issue in this appeal is the propriety of crediting payments made under an employer's disability plan against a workers' compensation award.

Appellant Nathan Buie injured his right knee when he slipped and fell during the course of his employment with Ford Motor Company ("Ford"). He filed a claim for workers' compensation. The Administrative Law Judge awarded Buie $1,371.29 for medical aid, $5,000.00 for a healing period of 40 weeks, $1,000.00 for disfigurement and $8,383.50 for 45% permanent disability to the right leg, a total of $15,754.79. Ford was credited by agreement of the parties for $2,070.00 of previously paid compensation benefits. Over Buie's opposition Ford was also credited for $4,531.42 in wages paid following the accident and for $14,-119.54 paid by the Ford Motor Company Salaried Employee Health Benefit Program (the "Program"). The credits totaled $20,-720.96. On appeal, Buie contests only the credit of the $14,119.54 amount. Disallowance of this entire amount would entitle Buie to an additional $9,153.37 from Ford.

The parties agree that because of the date of the accident, § 287.160 RSMo (1978) is the applicable statute. The pertinent subsection states:

3. The employer shall be entitled to credit for wages paid the employee after the injury, and for any sum paid to or for the employee or his dependents on account of the injury, except for liability under section 287.140.

The issue is the application of the statute to the benefits paid under Ford's Program.

There is no dispute at this point as to Buie's eligibility for payments under the Disability Plan of the Program. In general, the plan provides primary and long term disability benefits to employees whenever they are disabled and meet the conditions in the plan. Ford contends the benefits are sums paid to the employee "on account of his injury," and that it has made clear its intention not to duplicate workers' compensation benefits due its employees. The latter contention is based on language from the disability plan of the Program.

*Workmen's Compensation*

Disability benefits are reduced by the amount of lost time Workmen's Compensation benefits to which the employe is entitled. However, there will be no reduction in Disability benefits for Workmen's Compensation payments for loss of member or 100% loss of use of member.

Employers have been allowed to credit payments made under an employee benefit plan against workmen's compensation benefits. *Ellis v. Western Election Co.*, 664 S.W.2d 639 (Mo.App.1984) (credit not allowed where employer presented no evidence regarding source of payment). In *Cowan v. Southwestern Bell Telephone Co.*, 529 S.W.2d 485, 487, the court held the benefits paid under an employee plan qualified for the statutory credit as sums paid to the employee on account of the injury, citing, *Strohmeyer v. Southwestern Bell Telephone Co.*, 396 S.W.2d 1 (Mo.App. 1965). In *Strohmeyer*, the benefit plan was described as entirely non-contributory, with provision for the payment of only those amounts in excess of benefits of the same general character payable under any law. 396 S.W.2d at 3. The court concluded that the reasoning and statutory interpretation followed in the *Point* case, *infra,* was equally applicable where the credit sought arose from payments made under a written formalized plan rather than as a result of company policy. *Id.* at 6. *See also, Hull v. Southwestern Bell Telephone Co.*, 565 S.W.2d 809 (Mo.App.1978). This court in *Cowan* also identified the important policy consideration that "employers should be encouraged to, not discouraged from, adopting or agreeing" to such benefit plans. 529 S.W.2d at 488.

An employer who has paid an employee at the time of that employee's greatest need more than he was obligated to pay should not be penalized by being denied full credit for the amount paid above the requirements of the act as against the amount which might subsequently be determined to be due the employee. To do so would inevitably cause employers to be less generous.

*Point v. Westinghouse Electric Corporation*, 382 S.W.2d 436, 441 (Mo.App.1964).

Buie, on the other hand, relies on *Evans v. Missouri Utilities Co.*, 671 S.W.2d 812 (Mo.App.1984), for the proposition that where an employer obligates himself through an agreement to pay disability benefits in excess of those required by workers' compensation, the excess may not be credited against a workers' compensation award. In *Evans,* the payments in excess of workers' compensation resulted from a collective bargaining agreement between claimant's union and the company. *Id.* at 813. The relevant section of the agreement designated specific rates of pay "less the amount of compensation payments paid the employee by the Company under the Missouri Workman's Compensation Act...." *Id..* The court distinguished the *Southwestern Bell* cases as based on a plan specifically negating the payment of both workmen's compensation and the contractual amounts and the *Point* case because the employer was not shown to be obligated to make the payments. 671

S.W.2d at 814. The court viewed the case as a matter of contract which the employee or his representative, and the employer were free to agree upon. *Id.* at 815. The court reasoned that the payments were not made just on account of the injury, but were made as a result of the agreement. *Id.* at 815–16. A similar outcome was reached in *Ford Motor Co. v. Dickens,* 700 S.W.2d 484 (Mo.App.1985). *Evans* is cited for holding that an employer is not entitled to a credit on workers' benefits for payments made pursuant to a collective bargaining agreement. 700 S.W.2d at 487.

This court is persuaded that the resolution of this case is controlled by the decisions in *Cowan, Strohmeyer,* and *Point, supra.* As in *Strohmeyer,* the benefit plan at issue is noncontributory, with the benefits paid under the disability provisions properly considered sums paid on account of the injury. It would strain the language of § 287.160.3 to hold that a formalized plan somehow warrants the conclusion that the benefit is not paid on account of the injury. Important to this decision is the public policy consideration noted previously. Here, Ford's payment of wages following the accident combined with benefits under the Program totaled nearly $5,000.00 more than the employee was entitled to under workers' compensation. This result is to be encouraged by recognizing a credit rather than discouraged by holding the employer responsible for an additional $9,000.00.

Buie's reliance on *Evans, supra,* is misplaced. At a basic level, the Program is not the result of collective bargaining. While the court in *Evans* found that the employer had in effect waived the credit through the collective bargaining process, that is not the situation here. Ford has voluntarily put in place its Program to which the employee pays nothing, and the employer entitled to the credit under the statutory scheme.

Buie's contention that the Ford Program waived the credit by providing that disability benefits would be paid subject only to a reduction to the extent that the employee was eligible for "lost time" workers' compensation is overly technical and without merit. While perhaps inartfully drafted, the quoted provision, *supra,* supports the waiver of the credit only for loss of member or 100% loss of use of member. Similarly without merit is Buie's claim that no credit for disability benefits can be taken against medical benefits. Section 287.160.3 clearly states that no credit can be taken for medical benefits paid under 287.140. It does not preclude allowable credits from being taken against an employers medical benefit liability. Finally, Buie misapplies *Homan v. American Can Co.,* 535 S.W.2d 574 (Mo.App.1976) in arguing that the Ford Program is an independent insurer not entitled to a credit. In *Homan,* the employer carried a disability policy with an insurance company, with the policy not covering workers' compensation benefits. Here on the other hand, there is no independent insurance policy, and the Program specifically provides for a reduction of benefits by any amounts of workers' compensation due an employee.

The judgment is affirmed.