**Beverly Jo SHAFFER, Claimant–Respondent,**

v.

**ST. JOHN'S REGIONAL HEALTH CENTER, Employer–Appellant.**

No. 20783.

Missouri Court of Appeals, Southern District, Division One.

March 18, 1997.

Motion for Rehearing and Transfer Denied April 11, 1997.

Application to Transfer Denied May 27, 1997.

Jerry A. Harmison, Jr., Miller & Stanford, P.C., Springfield, for employer-appellant.

Bert V. Twibell, Twibell, Greene, Johnson & Kizer, Springfield, for claimant-respondent.

W. ROBERT COPE, Special Judge.

St. John's Regional Health Center (hereinafter referred to as Employer) appeals from the findings of the Labor and Industrial Relations Commission (hereinafter referred to as Commission) by which it affirmed a "Temporary or Partial Award" entered by an Administrative Law Judge (hereinafter referred to as ALJ) in favor of Beverly Jo Shaffer (hereinafter referred to as Claimant).

## FACTS

Claimant had worked as a surgical assistant for Employer for approximately twenty years. Her job duties were to clean and sterilize surgical instruments before and after surgery. These instruments were brought to her in baskets which ranged in size from one to twenty-five pounds.

In September, 1994, Claimant began to experience an ache in her right shoulder. Claimant informed her superior at work of the ache but continued to work full time. Claimant went to a doctor about an unrelated problem in November, 1994, but inquired of this physician about her shoulder pain. At that time, this doctor diagnosed the pain as bursitis and gave Claimant injections of cortisone.

Claimant continued to work full time but continued to have pain in her shoulder. Claimant continued to advise her supervisor at work of her shoulder pain.

In late December, 1994, or early January, 1995, Claimant had an increase in her pain and consulted an orthopedic surgeon. This doctor first diagnosed Claimant's condition as bursitis, but after conservative treatment was unsuccessful, an arthrogram revealed that Claimant had a torn rotator cuff. On the same date that Claimant was diagnosed with a torn rotator cuff, she met with two of her supervisors and advised them of her condition and that she thought the condition was caused by her job. At this meeting, one of the supervisors asked Claimant if she wanted to pursue Workers' Compensation benefits and Claimant replied "No." Employer did not file a report of the injury.

Surgery was performed on Claimant on March 6, 1995. The orthopedic surgeon who performed the surgery testified that it might be necessary to perform a second surgery and a decision could not be made until six months to one year after the original surgery.

Claimant turned her medical bills in to her health insurance carrier, which was a benefit provided by Employer. In addition, Claimant did not receive any Workers' Compensation benefits but used sick leave and vacation time during her absence.

On June 8, 1995, Claimant filed a Claim for Compensation. The ALJ found that Claimant sustained an accident on September 1, 1994; that she gave Employer proper notice of her injury and that it was work related; that the accident arose out of and in the course of employment; and that the accident caused the injuries and disabilities claimed by Claimant. The ALJ also found that Employer was obligated to pay for all of Claimant's past medical expenses, provide future medical care to cure and relieve Claimant of the effects of the injury, and pay temporary total disability benefits.

The Commission affirmed and adopted the award of the ALJ. This appeal follows.

## JURISDICTION

In the case before us the award by the Commission is denominated "temporary or partial" and we must first determine if this court has jurisdiction for the appeal. Neither side has raised the question of jurisdiction but it is incumbent upon us to raise this issue *sua sponte* since the jurisdiction of the Court of Appeals cannot be conferred by waiver, silence, acquiescence or consent. *In*

re Marriage of DeLeon, 804 S.W.2d 801, 802 (Mo.App. E.D.1991).

■ All of the issues involved in this appeal deal with the issue of Employer's liability under the Workers' Compensation Law and Employer does not question the extent and duration of the award. Therefore, we do have jurisdiction for this appeal. *Shelden v. Texas County Memorial Hosp.*, 916 S.W.2d 402, 403 (Mo.App. S.D.1996); *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App. W.D.1995); and *Woodburn v. May Distrib. Co., Inc.*, 815 S.W.2d 477, 481 (Mo. App. S.D.1991).

## STANDARDS OF REVIEW

■ The standard of review in this type of case has been established in several cases in Missouri. This court can only disturb the Commission's decision if there is no competent and substantial evidence to support the Commission's award or, in the alternative, the award is clearly contrary to the overwhelming weight of the evidence. *Davis v. Research Med. Ctr.*, 903 S.W.2d 557, 565 (Mo.App. W.D.1995). We must examine the entire record and we must liberally construe all provisions of the Workers' Compensation Act to resolve all doubts in favor ·of the employee. *Fischer v. Archdiocese of St. Louis-Cardinal*, 793 S.W.2d 195, 198 (Mo. App. E.D.1990).

■ With respect to questions of law, the review of the Commission's decision is de novo. *Davis v. Research Med. Ctr.*, 903 S.W.2d at 571.

## ISSUES ON APPEAL

■ Employer's first point on appeal deals with Claimant's notice of the injury to Employer. Employer cites § 287.420 RSMo. on the notice requirement. Employer argues that this "notice" requirement is a question of law which we should review de novo. However, in *Weniger v. Pulitzer Publ'g Co.*, 860 S.W.2d 359, 361 (Mo.App. E.D.1993), the court stated:

> The issue of whether a claimant has provided his employer with actual notice of a compensable injury is a question of fact to be determined by the Commission.

In the present case, the ALJ and the Commission both found that Claimant gave Employer proper notice.

Employer further argues that the purpose of the notice is to give the employer a timely opportunity to investigate the facts in a particular case. Employer does acknowledge that the statute excuses the requirement of written notice where the employer is not prejudiced by failure to receive such notice.

In *Dunn v. Hussman Corp.*, 892 S.W.2d 676, 681 (Mo.App. E.D.1994), the court stated:

> The statute excuses the requirement of written notice where the employer is not prejudiced by the failure to receive the notice. An employee makes a *prima facie* showing the employer was not prejudiced by the failure to receive timely written notice if she establishes the employer had actual notice of a potentially compensable injury. The burden of proving prejudice then shifts to the employer. Notice or knowledge is imputed to the employer when it is given to a supervisory employee.

In the present case, the facts show that Claimant informed her supervisor of her shoulder pain in September, 1994, and Claimant continued to inform her supervisor of the pain during Claimant's entire medical treatment. In addition, Employer has not shown in any way how it was prejudiced in this case as required by *Dunn*.

For all of the reasons set forth above, the first point is ruled against Employer.

■ Employer's second point deals with the date of Claimant's injury. Employer argues that Claimant did not have a compensable "accident" in that Claimant did not experience a compensatory "injury" or "occupational disease."

Section 287.020.2 defines "accident"; § 287.020.3 defines "injury"; and § 287.067.1 defines "occupational disease." No benefit would be derived in reciting these statutes in their entirety in this opinion.

Since the Missouri legislature enacted the various statutes cited above, there have been cases which have continued to advance the

proposition that any doubt as to an employee's right to collect Workers' Compensation benefits shall be resolved in favor of the employee. *See Fletcher v. Second Injury Fund,* 922 S.W.2d 402, 408 (Mo.App. W.D. 1996), and *McCutcheon v. Tri–County Group XV, Inc.,* 920 S.W.2d 627, 631 (Mo.App. S.D. 1996).

A review of the record in light of these precedents shows that Dr. Marion Wolf (the only expert testimony in this case) was well acquainted with the duties of a surgical aide and that in his medical opinion Claimant's injury was the result of repetitious overuse and activity as a surgical aide and that the injury was directly related to Claimant's work.

This testimony by Dr. Wolf shows that Claimant suffered from an "occupational disease" and he, in fact, related this during cross-examination.

Section 287.067.2 RSMo. states:

An occupational disease is compensable if it is clearly work related and meets the requirements of an injury which is compensable as provided in subsections 2 and 3 of section 287.020. An occupational disease is not compensable merely because work was a triggering or precipitating factor.

■ Claimant has established by the record as a whole that this was an "occupational disease" and Claimant has met the requirements of an "injury." For this court to substitute its opinion of the facts as decided by the Commission in this case would be to violate the limitations placed upon our review of this type of case. *See Davis v. Research Med. Ctr.,* 903 S.W.2d at 569, and *Fischer v. Archdiocese of St. Louis–Cardinal,* 793 S.W.2d at 198.

Point II is denied.

■ The third point of Employer's appeal deals with the holding of the Commission that Employer was responsible for paying past medical expenses in the amount of $5,674.31.

In the present case, Claimant admitted that her medical bills were submitted to a health insurance carrier and that the health insurance was provided to Claimant as part of her employment benefits. The question then becomes: Should Employer be required to pay for medical benefits under the Workers' Compensation Law where these medical bills were submitted to a health insurance company provided to Claimant as part of her employment benefits?

Employer urges that *Ellis v. Western Elec. Co.,* 664 S.W.2d 639, 643 (Mo.App. S.D.1984), is controlling when it states:

Several decisions have held that payments made under an employee benefit plan have entitled the employer to credit against the Workmen's Compensation benefits. (citing *Hull v. Southwestern Bell Telephone Co.,* 565 S.W.2d 809 (Mo.App.1978); *Cowan v. Southwestern Bell Telephone Co.,* 529 S.W.2d 485 (Mo.App.1975); and *Strohmeyer v. Southwestern Bell Telephone Co.,* 396 S.W.2d 1 (Mo.App.1965)).

However, a review of the facts in the line of cases cited reveals that all of the amounts which were credited against Workers' Compensation benefits were from an employee benefit plan and the plan is not contributory on the part of the employees *and* the benefits were payable by the employer.

■ "Payments from an insurance company or from any source other than the employer or the employer's insurer for liability for Workmen's Compensation are not to be credited on Workmen's Compensation benefits." *Ellis v. Western Elec. Co.,* 664 S.W.2d at 643.

In addition, in *Homan v. American Can Co.,* 535 S.W.2d 574, 576 (Mo.App. W.D.1976), the court said:

Section 287.270 requires benefits to come from the employer or its insurer for Workmen's Compensation liability. Payments from any other source are not credited on benefits payable under the Workmen's Compensation Chapter.

In the case before us, the facts indicate that all of Claimant's medical bills were turned over to "Premier Insurance." There is no showing that all of the medical bills were paid and in fact there is some indication in the transcript that Claimant was responsi-

ble for a portion of the bills due to a deductible or copay.

The cases have held that the burden of substantiating a credit is on the employer. *Ellis v. Western Elec. Co.,* 664 S.W.2d at 643; *Point v. Westinghouse Elec. Corp.,* 382 S.W.2d 436, 439 (Mo.App. E.D.1964).

In the present case, Employer did not meet its burden of proving that a credit should be given. There is no evidence that the medical bills were paid by Employer or its Workers' Compensation insurer. To the contrary, the evidence shows that the medical bills, or at least a portion of the bills, were paid by a medical insurance company which means no credit is due Employer.

This point is denied.

■ Employer's fourth and final point deals with the granting of past temporary total disability benefits to Claimant. Employer urges that, as a matter of law, Claimant elected to forego those benefits in that Claimant received vacation pay and sick pay from Employer after Claimant's surgery.

Two recent decisions decided in the Missouri Court of Appeals, Eastern District, seem to cover this point. In *Campbell v. Citicorp Mortgage, Inc.,* 924 S.W.2d 323, 325 (Mo.App. E.D.1996), the Court of Appeals dealt with the issue of whether or not sick leave benefits paid to a claimant would allow the employee a credit against any disability liability that the employer had under Workers' Compensation Law. That court reviewed the law in Missouri and concluded that the employee's sick leave payments were a benefit unrelated to requirements of the Workers' Compensation Law and therefore denied any credit to employer. That court concluded:

Sick leave payments are an employee benefit. Thus, § 287.160.5 excludes a credit for sick pay.

In *Cook v. Sunnen Products Corp.,* 937 S.W.2d 221 (Mo.App.E.D.1996), the court reviewed a case where the claimant had received his full salary from his employer and had also been awarded temporary total disability (TTD) by an ALJ for the same time period. The Commission then reversed the ALJ on this point and held that the employee was not entitled to TTD since the employee

had received full pay. This decision was then reversed by the Court of Appeals. The court reasoned that the employer was only entitled to credit where payments were made "pursuant to the Workers' Compensation Act." The court concluded that the wages received by claimant did not fall in that category and no credit was due.

In the present case before this court, Employer urges that since Employee elected to take vacation pay and sick pay that there should be no temporary total disability awarded. We do not agree. There is nothing in the Missouri statutes which indicates that the employee is the one who makes the election. The record does not show in this case that the vacation time or sick leave were paid to Claimant "pursuant to the Workers' Compensation Act." The vacation pay and sick pay were benefits which had nothing to do with Workers' Compensation. Therefore, the Commission did not err in granting Claimant temporary total disability benefits.

This point is denied.

Therefore, there is no error committed in the decision of the Commission and its decision is affirmed.

BARNEY, P.J., and PREWITT, J., concur.