Carrie ROSE, Widow of William L. ROSE, Jr., Deceased Employee *v.* ARKANSAS STATE POLICE, and PUBLIC EMPLOYEE CLAIMS DIVISION

CA 85-155                                    697 S.W.2d 927

Court of Appeals of Arkansas
Division II
Opinion delivered October 16, 1985
[Rehearing denied November 13, 1985.]

*Noyl Houston*, for appellant.

*Jerry G. James*, Public Employee Claims Division, for appellee.

DONALD L. CORBIN, Judge. The facts of this case are not in dispute. William Rose, an Arkansas State Trooper, was killed in the line of duty on December 28, 1982. Appellant, his widow, was paid a $50,000 benefit under the Public Safety Officers' Death Benefits Act, 42 U.S.C. § 3796 (1982). She also received an award of $10,000 pursuant to Ark. Stat. Ann. § 12-2348 (Repl. 1979)[1] and an additional award of $5,000 pursuant to Ark. Stat. Ann. § 42-427 (Repl. 1977). Appellee, Public Employee Claims Division, Arkansas Insurance Department, acknowledges that the claim for death benefits is compensable under the Workers' Compensation Act but contends that it is entitled to a credit against its liability to the extent of the three death benefits

---

[1] This was amended by Act 839 of 1985 which increased benefits available up to $100,000.

totaling $65,000 received by the widow. The Commission reversed the decision of the Administrative Law Judge who refused to credit the $65,000 against workers' compensation benefits. The Commission relied on Ark. Stat. Ann. § 12-3605(G) (Supp. 1985), which provides:

> (G) In the event that any public employee who is entitled to receive workers' compensation benefits under the provisions of this Act, as a result of injury, disability or death, and such injuries, disabilities, or death gives rise to an entitlement of benefits under a State or Federal program or under an Act of Congress providing benefits for public safety officers serving a public agency in an official capacity, with or without compensation, as a law enforcement officer or as a firefighter or in any other capacity, the state workers' compensation funds shall be entitled to a credit against its liability for payment of workers' compensation benefits to the extent of the benefits received under any State or Federal program or Act of Congress.

The Commission granted appellee a credit of $65,000 against death benefits under the Arkansas Workers' Compensation Act. We affirm.

Appellant, as her first assignment of error, alleges that the Full Commission erred in holding that Act 929 of 1981, Ark. Stat. Ann. § 12-3605(G), was not superseded by the Public Safety Officers' Death Benefits Act under the Supremacy Clause, U.S. Const. art. VI, § 2. Appellant relies on the following pertinent provision of the Public Safety Officers' Death Benefits Act:

> (a) In any case in which the Administration determines, . . ., that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of duty, the Administration shall pay a benefit of $50,000.00 . . . to the surviving spouse of such officer; (and)

> (e) the benefit payable under this subchapter shall be in addition to any other benefit that may be due from any other source . . .

This section, together with the Supremacy Clause, appellant argues, circumvents the limiting effects of Ark. Stat. Ann. § 12-3605(G).

■ It is axiomatic that under the terms of the United States Constitution, certain powers are entrusted to the federal government alone, while others are reserved to the states, and still others may be exercised concurrently by both the federal and state governments. The 10th Amendment to the United States Constitution provides:

> *Rights reserved to states or people.* — The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people.

U.S. Const. amend. X.

The constitutionality of an offset between federal benefits and state benefits was recognized in *Richardson* v. *Belcher*, 404 U.S. 78 (1971). Mr. Justice Stewart, in upholding Section 224 of the Social Security Act, 42 U.S.C. § 424a (1982), which requires a reduction in social security benefits to reflect workers' compensation benefits, noted that:

> The original purpose of state workmen's compensation laws was to satisfy a need inadequately met by private insurance or tort claim awards. Congress could rationally conclude that this need should continue to be met primarily by the States, and that a federal program that began to duplicate the efforts of the States might lead to the gradual weakening or atrophy of the state programs.

*Id.* at 84.

■ Congress has not shown a clear-cut manifestation of an intent to exercise supremacy over a state's right to legislate workers' compensation benefits by the passage of the Public Safety Officers' Death Benefits Act. We fail to see a supremacy clause argument. This is especially true when similar cases dealing with federal-state setoffs have been upheld constitutionally.

Finally, appellant alleges that the Full Commission erred in construing Act 929 of 1981 to require crediting of benefits paid by Arkansas Claims Commission and Arkansas State Police against appellee's liability to appellant. Appellant received a $10,000 benefit from the Arkansas Claims Commission pursuant to Ark.

Stat. Ann. § 12-2348, and $5,000 from the Arkansas State Police pursuant to Ark. Stat. Ann. § 42-427, following a determination that Trooper Rose lost his life in the line of duty.

■■ "The controlling consideration in the interpretation of a workmen's compensation statute is that the act must be liberally construed with all doubts resolved in favor of the claimant, which is necessary to effect the beneficient and humane purposes of the Act," *Mohawk Rubber Co.* v. *Buford*, 259 Ark. 614, 535 S.W.2d 819 (1976). However, we can not avoid the crystal clear language of Ark. Stat. Ann. § 12-3605(G) which mandates the crediting of "benefits received under any State or Federal Program or any Act of Congress" against workers' compensation benefits. It is obvious from a review of cases from other states that this is not an unknown or unheard-of proposition. *Nooe* v. *Baltimore*, 28 Md. App. 348, 345 A.2d 134 (1974), (applied Maryland statute which discharged city's obligation under workers' compensation law where employee received benefits, in excess of those due under workers' compensation law, from the employer under a city ordinance); *Coletta* v. *State*, 106 R.I. 764, 263 A.2d 681 (1970), (held that statute authorized the state to credit payments received from the federal government against benefits due under workers' compensation law); *State* v. *Industrial Commission*, 160 Ohio St. 443, 117 N.E.2d 22 (1954), (held that the Ohio General Assembly had power to enact Workers' Compensation Act and to determine under what terms and conditions employees are eligible to participate). Legislation in other states providing for offset of workers' compensation benefits against benefits available under other state or federal programs has been strictly construed. In *Contois* v. *State*, 95 R.I. 296, 186 A.2d 741 (1962), Roland Contois's widow and minor children applied for workers' compensation benefits in Rhode Island after Roland Contois died while on active duty in the Rhode Island National Guard. The Rhode Island Workers' Compensation Commission sought to offset workers' compensation benefits with benefits accruing under a federal act.

R.I. Gen. Laws § 28-31-11 (1968 Reenactment) provides:

> Where an injured member of the national guard or the Rhode Island state guard receives pay, subsistence, hospitalization, or other benefits from the United States as the

result of such injury, such payments shall not affect his right to receive compensation under chapters 29 to 38, inclusive, of this title. When the payments received from the United States are less than he would have been entitled to receive under said chapters, then he shall be entitled to receive all the benefits to which he would have been entitled under said chapters less the benefits actually received from the United States.

The Rhode Island Supreme Court held that since provision § 28-31-11 is silent as to death benefits, the legislature did not intend that it should be applicable in such a situation.

A majority of American jurisdictions provide some form of setoff in the area of wage-loss legislation. 4 Larson, Law of Workmen's Compensation § 97.20. The Arkansas General Assembly has the authority to legislate offsetting of benefits and it has chosen to do so with the enactment of Ark. Stat. Ann. § 12-3605(G). Budgetary management is an increasingly burdensome task for the members of the legislature. The goal may very well be to avoid "double-dipping," i.e., receiving benefits from more than one source for the same death or injury. For whatever reason, our Constitution does not empower this Court to second-guess our legislators who are charged with the awesome responsibility of spreading the public dollar over endless programs for the public welfare. If the legislature does not intend for Ark. Stat. Ann. § 12-3605(G) to be applicable in cases such as the one at bar, then it needs to deal directly with the issue. The power to do so is entirely within the legislature's province. We find no error.

Affirmed.

COOPER and GLAZE, JJ., agree.