## ROSE *v.* ARKANSAS STATE POLICE ET AL.

No. 85–1388.   Decided November 3, 1986

PER CURIAM.

In December 1982, Arkansas State Trooper William Rose was killed in the line of duty. His widow, petitioner in this action, received a $50,000 benefit from the Federal Government pursuant to the Public Safety Officers' Death Benefits Act, 93 Stat. 1219, 42 U. S. C. § 3796 *et seq.* The Benefits Act provides for a $50,000 payment to the survivors of a state law enforcement officer who dies as a result of job-related injuries. The federal statute also provides that "[t]he benefit payable under this subchapter shall be in addition to any other benefit that may be due from any other source," with two exceptions not relevant here. § 3796(e).

Petitioner also applied for death benefits under the Arkansas Workers' Compensation Act. See Ark. Stat. Ann. § 12–3601 *et seq.* (1979). Respondent Public Employee Claims Division of the Arkansas Insurance Department acknowledged that the claim was compensable, but insisted on reducing the amount owed to Rose by the amount she had received under the federal Benefits Act. In support of its position, respondent relied on a state statute that provides:

"In the event that any public employee who is entitled to receive workers' compensation . . . as a result of injury, disability or death, and such injuries, disabilities, or death gives rise to an entitlement of benefits under . . . an Act of Congress providing benefits for public safety officers . . . the state workers' compensation fun[d] shall be entitled to a credit against its liability . . . to the extent of the [federal] benefits received . . . ." Ark. Stat. Ann. § 12–3605(G) (Supp. 1985).

Rose filed a complaint with the Arkansas Workers' Compensation Commission, claiming that her state benefits should not be offset by the federal payment. An Administrative Law Judge ordered respondent to compensate petitioner in full, noting that the Benefits Act plainly states that the federal money is intended to supplement all other benefits. The ALJ ruled that the state statute was in direct conflict with the Benefits Act, and that under the Supremacy Clause of the United States Constitution,* the Arkansas provision must give way. The full Commission reversed the ALJ and allowed the offset, finding no inconsistency between the state and federal laws.

The Arkansas Court of Appeals affirmed the Commission's decision. 16 Ark. App. 96, 697 S. W. 2d 927 (1985). The court first cited *Richardson* v. *Belcher*, 404 U. S. 78 (1971), for the proposition that there is nothing inherently unconstitutional about offsetting state and federal benefits. The state court then concluded that the offset in this case was proper, because the Benefits Act does not show a congressional intent to intrude on the States' right to set workers' compensation benefits. Therefore, said the court, "[w]e fail to see a supremacy clause argument." 16 Ark. App., at 99, 697 S. W. 2d, at 928. The Arkansas Supreme Court denied petitioner's request for review.

There can be no dispute that the Supremacy Clause invalidates all state laws that conflict or interfere with an Act of Congress. *Hayfield Northern R. Co.* v. *Chicago & North Western Transportation Co.*, 467 U. S. 622, 627, and n. 4 (1984) (citing *Gibbons* v. *Ogden*, 9 Wheat. 1, 211 (1824)). In this case, the conflict between the Arkansas law and the Benefits Act is clear from the language of the statutes. The

---

* "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U. S. Const., Art. VI, cl. 2.

Benefits Act unambiguously provides that the $50,000 payment "shall be *in addition* to any other benefit that may be due from *any* other source." 42 U. S. C. § 3796(e) (emphasis added). Congress plainly intended to give supplemental benefits to the survivors, not to assist the States by subsidizing their benefit programs. The Arkansas statute, however, passed three years after the Benefits Act was enacted, provides that the state award shall be reduced by the full amount of the federal payment. The state statute authorizes the precise conduct that Congress sought to prohibit and consequently is repugnant to the Supremacy Clause.

The state court nevertheless failed to perceive a tension between the two statutes, concluding that the federal law did not alter the States' traditional right to set the level of workers' compensation benefits. This reasoning misses the point. The Benefits Act does not require a State to set a particular benefit level for its citizens; it simply prohibits a State from reducing the compensation it otherwise would provide to account for the federal payment. This reading of the Benefits Act is consistent with the legislative history, that shows that Congress was concerned about the inadequacy of death benefits paid to police officers by some States. See H. R. Rep. No. 94–1032, p. 3 (1976); see also 122 Cong. Rec. 12005 (1976) (remarks of Rep. Biaggi). Congress intended that the $50,000 would be a "gratuity," and would provide payment "over and above all other benefits." See S. Rep. No. 96–142, p. 58 (1979) ("gratuity"); 122 Cong. Rec. 12002 (remarks of Rep. Eilberg).

The Arkansas court's reliance on *Richardson* v. *Belcher*, *supra*, is misplaced. In that case the Court upheld a law allowing the reduction of *federal* benefits to account for *state* awards of workers' compensation. See *id.*, at 78–79, and n. 1. *Belcher* did not present a Supremacy Clause issue.

Because the Benefits Act prohibits States from offsetting their death benefits against the federal payment, § 12–3605(G) of the Ark. Stat. Ann. (Supp. 1985) is invalid. We therefore

grant the petition for certiorari, reverse the decision of the Arkansas Court of Appeals, and remand for further proceedings not inconsistent with this opinion.

*It is so ordered.*

JUSTICE MARSHALL dissents from this summary disposition, which has been ordered without affording the parties prior notice or an opportunity to file briefs on the merits. See, *e. g., Acosta* v. *Louisiana Dept. of Health and Human Resources,* 478 U. S. 251 (1986) (MARSHALL, J., dissenting).