was a suit by a beneficiary to recover benefits from a covered plan.

In contrast, however, the present action is not couched as one to recover benefits or as one based on an interference with receipt of those benefits. Rather, plaintiff claims that in violation of a state statute, defendant unlawfully discriminated against her based on her handicap, and that *as a result of such discrimination,* she lost her disability benefits, among other things.

■ The Court also finds that the Missouri Human Rights Act does not "relate to" an employee benefit plan within the meaning of § 1144, the supersedure section. In *Mackey v. Lanier Collections Agency & Service,* 486 U.S. 825, 108 S.Ct. 2182, 2185, 100 L.Ed.2d 836 (1988), the Supreme Court held that a law "relates to" an employee benefit plan "in the normal sense of the phrase, if it has a connection with *or reference to* such a plan." Yet, the human rights statute has no connection with an employee benefit plan. Other cases in this area are similarly distinguishable. For example, in *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that a state common law action based on the improper processing of a claim for benefits under a benefit plan, was preempted by ERISA. In that case, the plaintiff's action was primarily based on the processing of his benefits, whereas in this action, plaintiff's primary claim is that of discrimination based on her handicap. Furthermore, in cases such as *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), and *FMC Corp. v. Holliday,* —— U.S. ——, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990), the Supreme Court dealt with state statutes which actually referred to benefit plans. Such is contrary to this case, where the Missouri Human Rights Statute makes no reference to benefits or benefit plans.

In conclusion, the Court finds that any reference by plaintiff to a loss of disability benefits is an incidental one and does not render her claim as one to recover benefits. Plaintiff's claim should not be characterized as an ERISA claim but, rather, as a claim for discriminatory discharge in violation of a state human rights statute. Therefore, the action was improperly removed to this Court and will be remanded to the court from whence it came. Accordingly, defendant's motions to dismiss and to strike will be denied as moot.

Ronald HANKINS, Plaintiff,

v.

William FINNEL, Defendant.

No. 88–4094–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

Jan. 28, 1991.

Teresa Schuele, Spencer, Fane, Britt & Browne, Kansas City, Mo., for plaintiff.

Robert L. Presson, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, District Judge.

Now before the Court are motions by both parties in this action which previously was tried before a jury on August 8 and 9, 1989. A judgment against Defendant William Finnel was entered on August 9, 1989 and was subsequently affirmed by the Eighth Circuit. Plaintiff Ronald Hankins has filed a motion for a writ of mandamus to stay state court proceedings and a motion for proceedings in aid of execution of the judgment entered by this Court. In response, Defendant Finnel has moved to strike plaintiff's motions and has filed opposition to both motions. A state court judge stayed the state proceedings, making the first of plaintiff's motions moot.

The present motions manifest a conflict between the purpose of Section 1983 of Title 42 of the United States Code and the purpose of the Missouri Incarceration Reimbursement Act. Based upon the following analysis, the Court concludes that in the particular circumstances of this case plaintiff's motion for proceedings in aid of execution should be granted and defendant's motion should be denied.

## I. BACKGROUND

On August 8, 1989, a jury returned a verdict in favor of plaintiff in this action for his claims under 42 U.S.C.A. § 1983 (1981). Plaintiff Hankins alleged that Defendant Finnel sexually harassed him from 1984 to 1988 while plaintiff was an inmate in the Missouri State Penitentiary and defendant was a teacher in that institution. The jury awarded plaintiff one dollar ($1.00) in nominal damages and three thousand dollars ($3,000.00) in punitive damages. Defendant Finnel, represented by the Attorney General's office and indemnified by the State of Missouri, appealed the verdict. The Eighth Circuit, on June 29, 1990, affirmed the judgment and verdict.

On July 31, 1990, the State of Missouri instituted *ex parte* proceedings in state court against Mr. Hankins, seeking reimbursement for the cost of his incarceration as provided under the Missouri Incarceration Reimbursement Act, Mo.Ann.Stat. §§ 217.825–217.842 (West Supp.1991). The State sought reimbursement equal to ninety percent (90%) of the amount plaintiff received as judgment from the State which indemnified Defendant Finnel. The Missouri Act authorizes forfeiture of 90% of an inmate's assets for reimbursement. Mo.Ann.Stat. § 217.833. On Friday, August 17, 1990, the state court granted the State of Missouri's request to appoint a receiver selected by the State of Missouri to hold Mr. Hankins' funds. The Court further ordered Mr. Hankins to show cause why it should not enter an order appropriating and applying his assets toward reimbursement of the cost of his confinement.

The state court judge subsequently stayed the state court proceedings pending the outcome of this federal proceeding.

Mr. Hankins' inmate account statement reveals that on Monday, August 20, 1990, the State first debited his account $3,234.22 for "Cell Reimbursement," and later on the same day deposited $3,234.22 into his over-drawn account.

Upon learning of the state court proceedings, Plaintiff Hankins filed the motions presently before this Court.

## II.  ANALYSIS

This case requires a two-step analysis. First, the Court must examine its authority to enforce its judgment.  Based on the following reasoning, the Court determines that it retains jurisdiction over this proceeding to enforce its judgment, pursuant to Rule 69.  The Court's enforcement of this Section 1983 judgment exposes a conflict with the State's authority to obtain reimbursement for incarceration costs under the Missouri law.  Because of this conflict, the Court must also assess the issue of federal preemption under the Supremacy Clause.

### A.  Enforcement of Judgment

■ In order to effectuate its judicial power, a federal court has authority to enforce its judgment and to conduct proceedings to aid execution of its judgment through a writ of execution.  Fed.R.Civ.P. 69(a).  Where no federal law governs the enforcement of a given judgment, the law of the forum state applies.  *Id.; United States ex rel. Goldman v. Meredith*, 596 F.2d 1353 (8th Cir.1979), *cert. denied*, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979).

1.  Missouri Law to Enforce Judgment

■ Section 1983 provides no mechanism for enforcement of a judgment, so the Court must incorporate Missouri state law. *See United States v. Hackett*, 123 F.Supp. 106, 107 (W.D.Mo.1954) (applying state law to enforce judgment).  According to Missouri law, "a writ of prohibition shall be granted to prevent usurpation of judicial power."  Mo.Ann.Stat. § 530.010 (1953). Courts are empowered to conduct proceed-ings in prohibition and "to direct the form of such further details of procedure as may be necessary to the orderly course of the case, or to give effect to said remedy, in accordance with the general principles of law upon the subject."  *Id.* at § 530.090.

Mr. Finnel, who is represented by the State, argues that this Court lacks jurisdiction over the State of Missouri because it is a nonparty to this action.  Defendant maintains that the Court lacks jurisdiction over what he describes as a federal claim raised as a defense to a separate state court action for reimbursement.

This Court rejects defendant's arguments.  This is a proceeding to enforce the judgment in the above-titled action.  The Court obtains jurisdiction over the State of Missouri based upon the State's consent to satisfy the judgment against Mr. Finnel.

The Seventh Circuit has held that, under Rule 69(a) and the applicable state law, a district court may retain jurisdiction to conduct ancillary proceedings against nonparties which have an obligation to indemnify the individual held liable in a Section 1983 action.  *Argento v. Village of Melrose Park*, 838 F.2d 1483, 1487–88 (7th Cir. 1988).  Like Mr. Finnel, the defendant in *Argento* argued that the federal court lacked jurisdiction over a separate proceeding involving a nonparty to the original civil rights action.  *Id.* at 1487.  The *Argento* court refused to draw a party/nonparty distinction.  Instead, the Court found it had jurisdiction over an ancillary indemnification claim in order to enforce the Section 1983 judgment.  *Id.* at 1488–89 (citing similar decisions from other circuits in support).  *See also Mississippi Valley Barge Line Co. v. United States*, 273 F.Supp. 1 (E.D.Mo.1967), *aff'd sub nom., Osbourne v. Mississippi Valley Barge Line Co.*, 389 U.S. 579, 88 S.Ct. 692, 19 L.Ed.2d 779 (1968) (federal court has authority to issue orders effectuating its original judgment against a nonparty under 28 U.S.C. § 1651).

2.  Ancillary Jurisdiction Under Rule 69(a) and the Issue of State Sovereignty

This Court concludes that it has ancillary jurisdiction to enforce the civil rights judg-

ment against Mr. Finnel, pursuant to Rule 69(a) and Missouri law. The Court acknowledges that the supplementary proceedings necessarily involve a nonparty to the original action, the State of Missouri.

Defendant argues that Eleventh Amendment immunity bars enforcement of the judgment as it pertains to the State. However, as this Court sees it, the State has waived its immunity as it pertains to the judgment in this case. The State of Missouri has voluntarily agreed to indemnify its state employee Mr. Finnel and, in fact, claims it has paid the judgment in this case. *See* Mo.Ann.Stat. § 105.711 (West Supp. 1991) (State Legal Expense Fund). This Court has jurisdiction over the State only insofar as necessary to enforce its judgment, the judgment the State voluntarily agreed to indemnify.

A state's immunity under the Eleventh Amendment is strictly construed. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985). Waiver of a state's sovereign immunity can arise in only circumstances: (1) where Congress expressly abrogates state immunity; (2) where the state expressly or "by such overwhelming implication from the text" waives its immunity or consents to suit in federal court. *Id.* (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974)). A general waiver is not enough to abrogate a state's Eleventh Amendment immunity. *Id.,* 473 U.S. at 246, 105 S.Ct. at 3149, 87 L.Ed.2d 171. *See also Welch v. Texas Dept of Highways & Pub. Transp.,* 483 U.S. 468, 475–88, 107 S.Ct. 2941, 2946–54, 97 L.Ed.2d 389 (1987) (reviewing rationale behind Eleventh Amendment immunity).

This case focuses on the State of Missouri's affirmative conduct to satisfy the federal court judgment entered against Defendant Finnel. This is not a general waiver. The State has voluntarily and specifically agreed to indemnify a state employee for a federal court judgment. The State misrepresents that it has satisfied this judgment when, in fact, Mr. Hankins never received the judgment due to the State's bookkeeping maneuvers. The State cannot now refuse to fulfill that obligation by hiding behind the Eleventh Amendment and the fiction of *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Under the "fiction" of *Ex parte Young,* a party can enforce constitutional state conduct by suing a state official, but not the state. Wright, Miller & Cooper, *Federal Practice and Procedure* § 4231 (2d ed. 1988).

This Court finds that the State of Missouri has waived its immunity under the Eleventh Amendment to the extent it has voluntarily accepted the obligation of the civil rights judgment against Defendant Finnel. This Court has jurisdiction over Defendant Finnel and over the State of Missouri to the extent it has chosen to act in his stead. The source of this Court's federal jurisdiction is its authority to enforce its judgment under Rule 69(a) and its authority to protect plaintiff's federal rights in federal court.

Under the *Ex parte Young* doctrine, federal courts can "vindicate federal rights and hold state officials responsible." *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 105, 104 S.Ct. 900, 910, 79 L.Ed.2d 67 (1984). In this case, the Court vindicated Mr. Hankins' federal civil rights under Section 1983 and awarded a punitive judgment against Mr. Finnel. Mr. Finnel is subject to this Court's enforcement and cannot evade satisfying the judgment by having the State indemnify him. Where the State has stepped in to satisfy the judgment against Mr. Finnel, the State cannot then assert its Eleventh Amendment immunity to circumvent the Court's authority to enforce that judgment.

## B. Conflict of State and Federal Law: The Supremacy Clause

■ Once the Court has established its authority pursuant to Rule 69(a), the effect of enforcing the Section 1983 judgment brings to light a conflict with the Missouri Incarceration Reimbursement Act. Under the Act, the State of Missouri intends to seize for reimbursement the very judgment it paid to Mr. Hankins. The State's conduct thwarts the objective of Section 1983

and its protection of federal rights through suits against state officials. The purpose of the Act and of Section 1983 reveal the federal law must preempt.

### 1. Missouri Incarceration Reimbursement Act

The state law is clear on its face. Under the Missouri Incarceration Reimbursement Act, the State of Missouri may bring an action in circuit court to obtain reimbursement from prisoners for incarceration expenses. Mo.Ann.Stat. § 217.835. The Act specifies that no more than ninety percent of a prisoner's assets may be seized. *Id.* at § 217.833. "Assets," as defined in the Act, include

> A money judgment received by the offender from the state as a result of a civil action in which the state, an agency thereof or any state employee or independent contractor where such judgment arose from a claim arising from the conduct of official duties on behalf of the state by said employee or subcontractor or for any agency of the state[.]

*Id.* at § 217.827(1)(a)b.

In Mr. Hankins' case, the State of Missouri represented and indemnified its former employee, the defendant in this action, William Finnel. Pursuant to the Act, the State has initiated state court proceedings to attach the money judgment Mr. Hankins received as a punitive award in his Section 1983 action against a state employee. Mr. Hankins argues that the Act conflicts with the judgment in this action and his rights under federal law, 42 U.S.C.A. § 1983. Therefore, Mr. Hankins contends that the Missouri Act should be invalidated.

### 2. Section 1983

The intention of Section 1983 is not only to compensate victims of past abuses, but also to deter future violations of constitutional and federal rights. *Owen v. City of Independence*, 445 U.S. 622, 651, 100 S.Ct. 1398, 1416, 63 L.Ed.2d 673 (1980) (finding municipalities liable under § 1983); *Carey v. Piphus*, 435 U.S. 247, 254–59, 98 S.Ct. 1042, 1047–50, 55 L.Ed.2d 252 (1978) (authorizing § 1983 damages against school

officials for pain and suffering). In the following analysis, the Court considers whether Missouri's Incarceration Reimbursement Act conflicts with the underlying intent of Section 1983.

### 3. Supremacy Clause

The Supremacy Clause invalidates state laws that interfere with or contravene the purpose of a federal statute. *See Rose v. Arkansas State Police*, 479 U.S. 1, 107 S.Ct. 334, 93 L.Ed.2d 183 (1986). Under the Supremacy Clause, federal laws preempt state laws "in a wide array of contexts, from circumstances in which federal and state laws are plainly contradictory to those in which the incompatibility between state and federal laws is discernible only through inference." *Hayfield N. R.R. v. Chicago & N.W. Transp.*, 467 U.S. 622, 627, 104 S.Ct. 2610, 2614, 81 L.Ed.2d 527 (1984).

In *Bennett v. Arkansas*, 485 U.S. 395, 108 S.Ct. 1204, 99 L.Ed.2d 455 (1988) (per curiam), the Supreme Court found that the Supremacy Clause invalidated that portion of an Arkansas statute which permitted the state to attach a prisoner's social security benefits for reimbursement of incarceration costs. The Arkansas law authorized the state to seize a prisoner's "estate" for reimbursement of incarceration costs and defined "estate" to include social security benefits. *Id.*, 485 U.S. at 396–97, 108 S.Ct. at 1205. The Supreme Court invalidated the state law because it conflicted with an express provision of the Social Security Act and the clear intent of Congress to exempt social security benefits from such attachments. *Id.*, 485 U.S. at 396–98, 108 S.Ct. at 1205–06.

As in *Bennett v. Arkansas*, the question of supremacy in this case concerns a state incarceration reimbursement statute. Unlike *Bennett*, there is no provision in federal law which expressly conflicts with the state's right to attach a prisoner's assets, in this case assets from the Court's judgment in a Section 1983 action. Therefore, the Court must look beyond the express terms of Section 1983 and apply Congress's intent in Section 1983.

The Missouri Act, as applied in this case, directly conflicts with the purpose of punitive damages under Section 1983. The circumstances in this case cannot be construed otherwise. Essentially, the State has conducted a "shell game": with slight of hand, the State has maneuvered the money judgment owed Mr. Hankins from one shell to another. As applied in this instance, the Missouri Incarceration Act would protect the State of Missouri and its employees from ever suffering the intended effect of a punitive award under Section 1983 and would leave Mr. Hankins with no prospect of receiving his judgment.

Section 1983 preempts Missouri's Incarceration Reimbursement Act as applied in this case, because the Act conflicts with Congress's intent to compensate victims of past abuse and to deter future violations of constitutional and federal rights. Application of the Act to authorize forfeiture of money paid by the State for damages in a civil rights action against a state employee is invalidated. Especially in a case such as this where the damages are punitive, preemption of the Act is required to deter other state employees from violating prisoners' federal rights.

If the State of Missouri were able to recoup 90% of every civil rights judgment award against its state employees, neither the State nor its employees would have the incentive to comply with federal and constitutional rights of prisoners. The Supremacy Clause demands that the portion of the Missouri Incarceration Reimbursement Act which conflicts with the intent of Section 1983 must be invalidated.

## III.  CONCLUSION

This Court has authority, pursuant to Rule 69 and Missouri law, to conduct further proceedings to enforce its judgment. In this case, the Court will enforce the Section 1983 judgment against Defendant Finnel. However, in order to enforce that judgment, the Court must address the conduct of the State of Missouri which has voluntarily chosen to fulfill Defendant Finnel's obligation. Through a bookkeeping maneuver, the State has effectively evaded satisfying the judgment. The State debited Plaintiff Hankins' prison account for prison expenses, pursuant to the Missouri Incarceration Reimbursement Act, and then the State "paid" the Section 1983 judgment into the negative balance account.

To permit the State to recoup for prison expenses 90% of a Section 1983 award against any state employee would undermine the purpose of Section 1983. If the State were permitted to seize the Section 1983 damage awards prisoners receive for prison employees' conduct, the prisoners would have no motive to bring such suits and the State and its employees would have no inducement to comply with federal law. Prisoners are in a precarious position, as Plaintiff Hankins' suit demonstrates. Section 1983 provides a necessary mechanism whereby prisoners can demand their federal rights against the unconstitutional actions of state officials. As applied in this case, the Missouri Incarceration Reimbursement Act directly conflicts with Section 1983. Therefore, Section 1983 preempts the Missouri Act to the extent that it authorizes forfeiture of a Section 1983 damage award received by a prisoner against a state prison employee.

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted for proceedings in aid of execution of the judgment of this Court entered August 8, 1989. It is further

ORDERED that the State of Missouri is permanently enjoined from attaching the funds received by Ronald Hankins as damages in this action. It is further

ORDERED that as applied in this case, the Missouri Incarceration Reimbursement Act, Mo.Ann.Stat. §§ 217.825 to 217.841, violates the Supremacy Clause and is therefore invalidated to the extent that it conflicts with Congress's intent to award damages under 42 U.S.C.A. § 1983. It is further

ORDERED that plaintiff's motion for writ of mandamus is denied as moot. It is further

ORDERED that defendant's motion to strike plaintiff's motions is denied.