Steven William GOHMAN, as Trustee un-
der the Minnesota Wrongful Death Act
for the Next of Kin of Kathleen Flor-
ence Gohman, Deceased, Respondent,

v.

Harold Albert STAVRUM, Defendant,

Phillip Roach Behr, Appellant.

No. C0–91–1791.

Court of Appeals of Minnesota.

March 24, 1992.

Review Denied May 8, 1992.

L. Michael Hall, L. Michael Hall, P.A., St. Cloud, for respondent.

James T. Martin, Gislason, Martin & Varpness, P.A., Edina, for appellant.

Considered and decided by LANSING, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

LANSING, Judge.

In a wrongful death action brought by a trustee for the family of a deceased peace officer, the trial court denied the tort defendants' motion to deduct state and federal death benefits from the tort award as a collateral source. We affirm.

## FACTS

Kathleen Gohman, a member of the Kimball Fire and Rescue Department, was struck by a car and killed while assisting at the scene of a car accident. Gohman's spouse and four children were awarded $50,000 in death benefits pursuant to 42 U.S.C. § 3796 (1988), the federal Public Safety Officers' Death Benefit Act, and $100,000 in death benefits pursuant to Minn.Stat. § 176B.04 (1988) (current version at Minn.Stat. § 299A.44 (1990)), the Minnesota Peace Officers' Death Benefit Act.

Gohman's husband, acting as trustee, obtained a $493,927 jury verdict in a wrongful death action. The defendants in that action, Phillip Behr and Harold Stavrum, moved under Minn.Stat. § 548.36 (1990) that the $150,000 in death benefits be de-

ducted from the jury award as a collateral source payment. The trial court found that the benefits are not a collateral source under the statute and denied the motion. Behr appeals.

### ISSUES

1. Should a benefit paid under 42 U.S.C. § 3796, the federal Public Safety Officers' Death Benefit Act, be deducted from a tort award as a collateral source payment?

2. Should a benefit paid under Minn. Stat. § 176B.04, the Minnesota Peace Officers' Death Benefit Act, be deducted from a tort award as a collateral source payment?

### ANALYSIS

A tortfeasor whose liability has been determined by a jury may move the trial court to reduce the damages awarded by the "amounts of collateral sources that have been paid for the benefit of the plaintiff or are otherwise available to the plaintiff as a result of losses * * *." Minn.Stat. § 548.36, subd. 2(1). Collateral sources include

> payments related to the injury or disability in question made to the plaintiff, or on the plaintiff's behalf up to the date of the verdict, by or pursuant to:
>
> (1) a federal, state, or local income disability or workers' compensation act; or other public program providing medical expenses, disability payments, or similar benefits.

Minn.Stat. § 548.36, subd. 1. The purpose of the collateral source statute is to eliminate plaintiffs' double recovery of medical expenses and lost income specifically attributable to the tortious incident. *Imlay v. City of Lake Crystal,* 453 N.W.2d 326, 331 (Minn.1990).

### I

■ The federal statute states "[t]he benefit payable under this subchapter shall be in addition to any other benefit that may be due from any other source * * *." 42 U.S.C. § 3796(e). The Supreme Court

strictly interpreted this language in *Rose v. Arkansas State Police,* 479 U.S. 1, 107 S.Ct. 334, 93 L.Ed.2d 183 (1986). In *Rose,* a state trooper's spouse claimed benefits under both the federal statute and the Arkansas Workers' Compensation Act. Relying on the statutory language, the Court refused to reduce the state benefit by the amount of the federal benefit because it found the plain intent of Congress was to give supplemental benefits to survivors and not to subsidize state benefit programs. *Id.* 479 U.S. at 4, 107 S.Ct. at 335.

The legislative history of § 3796 indicates Congress was primarily concerned with providing adequately for the survivors of public officers killed in the line of duty. 122 Cong.Rec. 12,001–13 (1976). A congressman proponent stated that the award should enable children of deceased officers to receive a college education or other benefit that might otherwise be unavailable to them because of the loss of a parent. *Id.* at 12,004 (statement of Rep. Drinan). A senate report on a 1979 amendment to § 3796 explicitly refers to the benefit as a "gratuity." S.Rep. No. 142, 96th Cong., 1st Sess. 4 (1979), *reprinted in* 1979 U.S.C.C.A.N. 2471, 2529.

The language of § 3796, case law, and legislative history establish that this benefit is intended to supplement all other benefits available to a deceased officer's family. The benefit was not intended as compensation for medical, disability, or similar expenses, and therefore should not be considered a "similar benefit" under the collateral source statute. The trial court correctly denied the motion to deduct the benefit from the jury award.

### II

■ The legislative history of the state act establishes that the state benefit was also intended to supplement other benefits available to a deceased officer's family. *Hearings on H.F. No. 178 Before the Committee on General Legislation and Veterans Affairs,* 68th Minn.Leg.Reg.Sess. (Feb. 19, 1973). In committee, a representative of a state peace officers' organization[1]

1. Unfortunately, because of an interruption in the tape, the exact identity of this speaker and his organization was unrecorded.

characterized the legislation as an "attempt to equalize the treatment you get for the greatest sacrifice—to lay down your life for your fellow man." *Id.* Implying that maximum benefits were both necessary and deserved, he urged the legislature to make these benefits available from the state even if Congress passed similar federal legislation. Although he noted the lack of a clause similar to 42 U.S.C. § 3796(e), he emphatically stated "conversely, there is nothing in this [bill] which would deny or diminish this claim once it was approved." *Id.*

In response to a house member's concern that the legislation would put the state in the insurance business, the sponsor of the bill made it clear that the benefit was not intended to be a "general fringe benefit" like insurance. *Id.* Rather, "[t]his is a recognition by the state that these people were killed in the line of duty * * * This is a recognition of danger." *Id.*

Allowing this benefit to supplement a tort award effectuates the statute's purpose of adequately providing for the families of deceased public service officers and recognizing the sacrifice they have made. No double recovery results because the benefits were not intended to reimburse for medical, disability, or similar expenses. *See Imlay*, 453 N.W.2d at 331.

The codification of the peace officers' benefit fund within the workers' compensation statute and the responsibility of the workers' compensation courts to determine eligibility does not demonstrate a contrary legislative intent. The peace officers' benefit fund has always been maintained separately from the workers' compensation fund. Minn.Stat. § 176B.02. Any implied connection was eliminated by the 1990 recodification which placed the peace officers' benefits within the provisions and administration of the Department of Public Safety. *See* Minn.Stat. § 299A.43.

## DECISION

Benefits awarded under 42 U.S.C. § 3796 and Minn.Stat. § 176B.04 are not collateral sources within the meaning of Minn.Stat.

§ 548.36, subd. 1, and should not be deducted from a jury award.

Affirmed.