SERVICE ENGINEERING COMPANY,
and Majestic Insurance Company,
Plaintiffs–Appellants,

v.

Sherman A. EMERY, Defendant–
Appellee.

No. 95–16153.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1996.

Decided Nov. 15, 1996.

Roger A. Levy, Laughlin, Falbo, Levy & Moresi, San Francisco, California, for plaintiffs-appellants.

David A. Weldy and Philip Harley, Brayton Harley Curtis, Novato, California, and Ann Burr, Oakland, California, for defendant-appellee.

Before: WOOD, JR.,* SCHROEDER, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Service Engineering Company ("Service") and Majestic Insurance Company ("Majestic") brought a claim seeking a declaration that California workers' compensation benefits are preempted when a claimant forfeits his benefits under the federal Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, for failure to obtain employer approval prior to settlement of a third-party civil suit. The district court dismissed the action for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The district court had jurisdiction because preemption is a federal question under 28 U.S.C. § 1331. This court has jurisdiction under 28 U.S.C. § 1291 because a successful motion to dismiss is a final decision. We affirm.

## I

### Procedural Background

Sherman Emery is a former employee of Service, a corporation engaged in ship repair.

Majestic is the workers' compensation insurance carrier for Service. Emery suffered injuries arising from exposure to asbestos in the course of his employment at Service or for other companies.

Emery filed three separate actions in conjunction with his asbestos injury. On March 16, 1992, he filed a claim under the LHWCA against Service and Majestic and against other longshore employers. On March 4, 1992, Emery had filed a claim for the same injuries with the California Workers' Compensation Appeals Board ("WCAB") pursuant to the California workers' compensation law. Cal.Labor Code § 3600 *et seq.* On January 26, 1993, he filed a civil complaint in state court against the manufacturers and distributors of asbestos products for damages arising from the same injuries. Generally, any amount Emery received from his civil suit would be deducted from the amount owed under the LHWCA by his employers. 33 U.S.C. § 933(f).

■ Emery settled his civil lawsuit without obtaining written approval from his employer. On January 27, 1994, an administrative law judge granted summary judgment to Service and Majestic on Emery's LHWCA claim. Under section 33(g)(2) of the LHWCA, benefits are forfeited unless the employer's written approval is obtained prior to settlement of a third party civil suit. 33 U.S.C. § 933(g)(2). The congressional purpose behind this statutory provision for forfeiture was to protect employers from unfairly low third-party settlements.

After the ruling on his LHWCA claim, Emery pursued his California workers' compensation claim with extra vigor. On May 26, 1994, he filed a "Declaration of Readiness" to proceed before the WCAB. Service and Majestic responded with this action seeking declaratory and injunctive relief, stating that Emery is barred from an award under the California workers' compensation law because the LHWCA preempts a state award in these circumstances. They claim

---

* Hon. Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

that the statute's purpose of protecting employers from low third party settlements without their consent is frustrated if a claimant is permitted to collect state workers' compensation benefits from the employer. The district court dismissed the action for failure to state a claim, finding that the LHWCA and state workers' compensation laws apply concurrently.

■ Dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. *Stone v. Travelers Corp.,* 58 F.3d 434, 436–37 (9th Cir. 1995).

## II

### Preemption Analysis

■ Under the Supremacy Clause of the Constitution, state law is preempted when it conflicts specifically with a federal law. U.S. Const. art. VI. There are three circumstances in which state law is preempted by federal law: (a) where Congress expressly provides for preemption ("express preemption"); (b) where federal law completely occupies the field ("field preemption"); and (c) where there is a specific conflict between state and federal law ("conflict preemption"). *Southern Pac. Transp. Co. v. Public Util. Comm'n,* 9 F.3d 807, 810 (9th Cir.1993).

■ This case involves the third circumstance. Conflict preemption occurs "where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* It is settled law that the LHWCA as a whole does not preempt state workers' compensation schemes, even with respect to job sites covered by both schemes. *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 722, 100 S.Ct. 2432, 2437, 65 L.Ed.2d 458 (1980).

■ The LHWCA and state workers' compensation programs provide separate but concurrent benefits for claimants. *Id.* at 724, 100 S.Ct. at 2438–39. The first test for conflict preemption fails because it is entirely possible for a claimant to collect benefits under both state workers' compensation schemes and the LHWCA.

The second test for conflict preemption requires us to examine congressional intent. Although the intent behind the LHWCA is to provide generous benefits to injured maritime workers, the established congressional purpose of section 33(g)(2) is to protect the rights of employers from unfairly low third-party settlements. *Cretan v. Bethlehem Steel Corp.,* 1 F.3d 843, 847 (9th Cir.1993). The relevant inquiry in the preemption analysis is whether there has been frustration of the purpose behind section 33(g)(2) specifically. *See Rose v. Arkansas State Police,* 479 U.S. 1, 3–4, 107 S.Ct. 334, 335, 93 L.Ed.2d 183 (1986).

Permitting benefits under California workers' compensation law does not act as an obstacle to Congress' purpose behind section 33(g)(2) of protecting employers. Benefits under the LHWCA generally are far greater than the corresponding benefits under state law. *See Sun Ship,* 447 U.S. at 724 n. 7, 100 S.Ct. at 2438 n. 7; 4 Arthur Larson, Law of Workmen's Compensation § 89.27(b) at 16–276 (1995) (stating that the maximum federal disability benefits are nearly three times larger than the corresponding maximum California benefits). Employers are adequately protected because they must pay only the lower state benefits rather than the far more generous benefits mandated by the LHWCA. Congress' intention of protecting employers is fully effectuated.

The scope of the federal protection is demonstrated by the language of section 33(g)(2). If a claimant settles a third-party claim without employer approval, "all rights to compensation and medical benefits *under this chapter* shall be terminated." 33 U.S.C. § 933(g)(2) (emphasis added). If Congress intended to terminate all rights to workers' compensation benefits, it could have expressed that intent clearly. *See Adams Fruit Co. v. Barrett,* 494 U.S. 638, 644 n. 2, 110 S.Ct. 1384, 1388 n. 2, 108 L.Ed.2d 585 (1990). By limiting the forfeiture of benefits to those "under this chapter," Congress intended to protect employers by terminating the generous benefits under the LHWCA.

### Conclusion

Emery's pursuit of benefits before the WCAB does not frustrate the purpose behind 33 U.S.C. § 933(g)(2). Benefits awarded under the California workers' compensation act, therefore, are not preempted by the forfeiture of benefits under the LHWCA.

**AFFIRMED.**