Fortier v. Valerino                    CV-00-48-B      03/05/01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


David R. Fortier

    v.                                    Civil No. 00-48-B
                                          Opinion No. 2001DNH046
Brian Valerino


MEMORANDUM AND ORDER


David Fortier pro se has brought this action pursuant to 42 U.S.C. § 1983 against Berlin Police Detective Brian Valerino. Fortier alleges that Valerino is liable for damages because he questioned Fortier in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966) and his Fifth Amendment right against self-incrimination. Valerino responds with a motion for judgment on the pleadings, arguing that: (1) a plaintiff can never recover damages for a Miranda violation; and (2) Fortier's Fifth Amendment claim is barred by the doctrine of collateral estoppel. I address each argument in turn.

## I. **Miranda Claim**

The First Circuit has stated *in dictum* that "[t]here is considerable doubt whether . . . a <u>Miranda</u> violation standing alone would give rise to a constitutional claim under section 1983." <u>Veilleux v. Perschau</u>, 101 F.3d 1, 2 (1st Cir. 1996) (en banc) (per curiam). Other circuits that have addressed the issue have taken differing positions. As a recent commentator has noted in this regard,

> [T]here appear to be at least three different views of the relation between <u>Miranda</u> violations and § 1983 damage actions. The most restrictive view is that <u>Miranda</u> violations, whether the results are used at trial or not, are not actionable under § 1983: the sole remedy for <u>Miranda</u> violations is exclusion of evidence where that is appropriate. A somewhat less restrictive view is that, at least where the results of <u>Miranda</u> violations are used at trial, there is a Fifth Amendment violation and a § 1983 damages action available. The most liberal view is that <u>Miranda</u> violations are actionable under § 1983 even where the results are not used in any criminal proceeding.

1 Sheldon H. Nahmod, <u>Civil Rights and Civil Liberties Litigation The Law of Section 1983</u> § 3.24 at 3-61-62 (4th ed. 2000).

I may not need to determine in this case whether a <u>Miranda</u> violation can ever give rise to a § 1983 claim because it is unlikely that Fortier will be able to demonstrate that Valerino violated his <u>Miranda</u> rights. Fortier claims that Valerino

-2-

violated his <u>Miranda</u> rights by: (1) initiating the interrogation even though he knew that Fortier lacked the capacity to waive his <u>Miranda</u> rights because he has a limited mental capacity and was intoxicated when he executed the waiver; and (2) continuing to question him after he allegedly invoked his right to remain silent by telling Valerino that "[a]s far as my knowledge, that's all I have to say.  I'm serious."

The Supreme Court has determined that a <u>Miranda</u> waiver must be voluntary, knowing and intelligent.  <u>See</u> <u>Colorado v. Connelly</u>, 479 U.S. 157, 169-71 (1986).  Nevertheless, it has never determined that a waiver of <u>Miranda</u> rights is invalid simply because the defendant has a diminished mental capacity or is intoxicated when he executes the waiver.  <u>See</u> <u>id.</u> (waiver valid even though suspect was in psychotic state during interview); <u>United States v. Rosario-Diaz</u>, 202 F.3d 54, 69 (1st Cir. 2000) (finding that waiver was valid even though suspect had an I.Q. in the middle 70s).  Accordingly, unless Fortier can establish that Valerino coerced him into waiving his <u>Miranda</u> rights, Valerino will be entitled to qualified immunity with respect to Fortier's claim that his waiver was invalid.  <u>See</u> <u>Fodelmesi v. Schepperly</u>, No. 87 Civ. 6762(KMW), 1992 WL 84469, *5 (S.D.N.Y. May 4, 1992)

-3-

(finding that defendants were entitled to qualified immunity with respect to claim that suspect lacked the capacity to waive his Miranda rights because he was retarded).

Fortier's claim that Valerino violated his Miranda rights by continuing to question him after he waived his right to remain silent also appears to be deficient. A suspect's invocation of the right to remain silent is not effective unless a reasonable officer would understand from the surrounding circumstances that the suspect is invoking his right to remain silent. See Davis v. United States, 512 U.S. 452, 459 (1994) (right to counsel); United States v. Hurst, 228 F.3d 751, 759-60 (1st Cir. 2000) (right to remain silent); United States v. Andrade, 925 F. Supp. 71, 79-80 (D. Mass. 1996) (right to remain silent). It is unlikely that Fortier will be able to satisfy this standard here because the statement he cites to support his claim is equivocal.

Given the legal uncertainty surrounding Valerino's argument that a Miranda violation can never serve as the basis for a § 1983 claim, I prefer to examine the other potential defects in Fortier's Miranda claims in addition to considering Valerino's broader argument that a Miranda violation, standing alone, can never give rise to a claim for damages. Accordingly, I deny his

-4-

motion on the <u>Miranda</u> issue without prejudice to his right to renew his argument in a motion for summary judgment that also addresses other possible grounds as to why Fortier's <u>Miranda</u> claim cannot survive.

## II. <u>Voluntariness of Confession</u>

Valerino argues that he is entitled to judgment on the pleadings with respect to Fortier's Fifth Amendment claim because he contends that the state court necessarily rejected Fortier's claim when it denied his post-trial ineffective assistance of counsel claim. I disagree.

The doctrine of collateral estoppel does not bar the relitigation of an issue unless the prior action resolved the identical issue that currently is before the court for decision. <u>See</u> <u>Warren v. Town of East Kingston</u>, 761 A.2d 465, 467-68 (N.H. 2000). It does not appear from the records before me that the state trial court necessarily determined that Fortier's confession was voluntary when it rejected his ineffective assistance of counsel claim. Therefore, Valerino is not entitled to judgment on the pleadings based on the doctrine of collateral estoppel.

Like Fortier's <u>Miranda</u> claim, it appears that his Fifth

Amendment claim is deficient for other reasons.  The Supreme Court has held that improper police coercion is a necessary element of an involuntary confession claim.  See Connelly, 479 U.S. at 163-65; United States v.Erving L., 147 F.3d 1240, 1248 (10th Cir. 1998).  It does not appear from the pleadings that Fortier is claiming that Valerino used improper coercion during the interrogation.  Nevertheless, since Valerino has not argued this point in his motion for judgment on the pleadings, I deny his motion without prejudice to his right to raise the issue in a motion for summary judgment.

I deny Valerino's motion, (Doc. No. 20).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 5, 2001

cc:  David Fortier, pro se
     R. Matthew Cairns