

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-21-00058-CV

_____

SAMUEL SAN MIGUEL, APPELLANT

V.

MARSHA MCLANE, MICHAEL SEARCY, RACHAEL KINGSTON, CHRIS SALINAS,
JOHN COCHRAN, ADAM PIERCE, VICTORIA RODRIGUEZ, MICHAEL ARNIVEZ,
AND EVELYN LEMER, APPELLEES

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20286-19, Honorable Felix Klein, Presiding

July 26, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER, and DOSS, JJ.

The 435th District Court of Montgomery County, Texas, found Appellant Samuel San Miguel, appearing here pro se and *in forma pauperis,* to be a sexually violent predator according to Texas Health and Safety Code Chapter 841.[1] By order of that court, he was

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.00-.153. In passing Chapter 841, the Texas Legislature found that "a small but extremely dangerous group of sexually violent predators exists and that those predators have a behavioral abnormality that is not amenable to traditional mental illness treatment modalities and that makes the predators likely to engage in repeated predatory acts of sexual violence."

committed for treatment and supervision coordinated by the Texas Civil Commitment Office (TCCO) at a treatment facility located in Littlefield, Lamb County, Texas.

During his in-facility treatment in Littlefield, San Miguel filed suit against Marsha McLane,[2] Michael Searcy, Rachel Kingston, and Cris Salinas, as well as John Cochran, Adam Pierce, Victoria Rodriguez, Michael Arnivez, and Evelyn Lemer in the 154th District Court of Lamb County. San Miguel alleged violations of law remediable under 42 U.S.C. § 1983, claiming his constitutional rights were violated due to the denial of his request for a computer/word processor and printer, and more time to access the law library.[3] San Miguel's petition notes he is housed in the Secure Management Unit of the facility. He alleges "he remains to this day on protective management because he is in fear for his safety[] and wellbeing from the TCCC staff." His location in the Secure Management Unit is purportedly one of the reasons cited by the Appellees for denying San Miguel access to the equipment he desires.[4]

San Miguel's suit sought injunctive relief, compensatory damages, and punitive damages for alleged violations of the Equal Protection and Due Process Clauses of the United States Constitution. Appellees joined in a plea to the jurisdiction, contending

After completing periods of imprisonment for at least two counts of sexual crimes, San Miguel was civilly committed for long-term supervision and treatment as a sexually violent predator.

[2] McLane is the TCCO executive director. The other defendants, according to San Miguel's live petition, are TCCO employees. San Miguel alleges each defendant is liable in his or her individual and official capacities. For this opinion the appellees are designated in groups because the McLane appellees are represented by the Office of the Attorney General while the Cochran appellees are represented by a private law firm. Both groups filed an appellees' brief.

[3] In another portion of his petition, San Miguel also complains his rights were violated when he was prohibited from passing documents to another Texas Civil Commitment Center (TCCC) patient, alleging the documents were necessary for obtaining legal advice.

[4] He complains he is treated "worse than the rest of the TCCC Population" and has been supplied with "less property than a prison inmate is allowed."

2

Chapter 841 requires that San Miguel bring his lawsuit in the committing court (the 435th District Court), rather than the court in the county in which San Miguel is housed. Following a brief non-evidentiary hearing the Lamb County district court agreed and sustained the jurisdictional plea. It dismissed San Miguel's suit without prejudice. This appeal followed.

Analysis

Chapter 841 includes the jurisdictional provision that "The *committing court* retains jurisdiction of the case with respect to a proceeding conducted under [Subchapter E] . . . ." TEX. HEALTH & SAFETY CODE ANN. § 841.082(d) (emphasis added). Subchapter E includes requests by the committed person for less restrictive housing and supervision. *See id.* § 841.0834(b); *Cupit v. Tex. Civil Commitment Office,* No. 07-18-00228-CV, 2018 Tex. App. LEXIS 9384, at *3–4 (Tex. App.—Amarillo Nov. 16, 2018, no pet.) (mem. op.) (cleaned up). Because the essence of San Miguel's underlying complaint is the restrictiveness of his housing and supervision, we find that Chapter 841 would require San Miguel to file a suit challenging such restrictions in the 435th District Court. *Id.*

San Miguel filed his appellate brief on April 23, 2021, before the appellate record was filed. By letter of April 28, we notified San Miguel of the brief's deficiency and offered the opportunity to file a corrected brief after the record was filed. The record was filed in our Court on June 22, 2021.

By letter to the parties of July 7, 2021, we pointed out additional deficiencies with San Miguel's brief; viz., the brief did not: (1) contain a statement of facts and argument supported by appropriate citations to the appellate record, (2) concisely identify an issue

3

for review, and (3) provide a clear argument with appropriate citations to legal authorities. We offered San Miguel the opportunity to file a conforming brief by August 5, 2021 and enclosed a copy of the record. Finally, we admonished San Miguel that failure to file a conforming brief by the deadline would result in submission of his previous brief and a potential finding that San Miguel waived appellate arguments. San Miguel offered no response and filed no corrected brief. Accordingly, San Miguel's April 23 brief was deemed to be submitted. In their responsive briefs, Appellees argue San Miguel waived any issue on appeal due to inadequate briefing.

Pertinent to the present matter, an appellant's brief must: "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented . . . supported by record references"; and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(f),(g),(i). We notified San Miguel of these deficiencies, provided him a copy of the clerk's record and reporter's record, and on peril of waiver for failure to comply allowed San Miguel an opportunity to file a conforming brief. San Miguel nevertheless took no action to cure such deficiencies. "Failure to brief, or to adequately brief, an issue by an appellant effects a waiver of that issue on appeal." *Sunnyside Feedyard v. Metro. Life Ins. Co.,* 106 S.W.3d 169, 173 (Tex. App.—Amarillo 2003, no pet.). "Failure to either cite authority or advance substantive analysis waives the issue on appeal." *Id.*

However, this appeal does not end with a discussion of Chapter 841 or a finding that San Miguel has waived error due to inadequate briefing. Mindful of our responsibility to "review and evaluate pro se pleadings with liberality and patience, but otherwise apply

4

the same standards applicable to pleadings drafted by lawyers,"[5] we find that San Miguel presented one non-waived argument: that his suit brought pursuant to 42 U.S.C. § 1983 preempted the Texas Health and Safety Code's jurisdictional provisions.  We therefore examine San Miguel's federal preemption argument.

The Supremacy Clause preempts any state law that "contradicts or interferes with an Act of Congress."  *Hayfield Northern R.R. Co. v. Chicago & N.W. Transp. Co.,* 467 U.S. 622, 627, 104 S. Ct. 2610, 81 L. Ed. 2d 527 (1984); *see also Rose v. Arkansas State Police,* 479 U.S. 1, 3–4, 107 S. Ct. 334, 93 L. Ed. 2d 183 (1986) (per curiam) (concluding state worker's compensation statute was preempted by Supremacy Clause when state statute authorized conduct that Congress intended to prohibit).  Federal preemption of state law occurs where the two laws plainly contradict, and when "the incompatibility between state and federal law is discernible only through inference."  *Hayfield Northern R.R. Co,* 467 U.S. at 627.  Absent express preemption, a court "must inquire more deeply into the intention of Congress and the scope of the pertinent state legislation."  *Id.* at 628. Even if Congress has not completely displaced state regulation, state law is preempted if it actually conflicts with federal law, such as where "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Schneidewind v. ANR Pipeline Co.,* 485 U.S. 293, 300, 108 S. Ct. 1145, 99 L. Ed. 2d 316 (1988).

We therefore determine whether Chapter 841 is incompatible with federal law or expressed Congressional objectives.  "State courts as well as federal courts have

---

[5] *Corona v. Pilgrim's Pride Corp.,* 245 S.W.3d 75, 78 n.3 (Tex. App.—Texarkana 2008, pet. denied).

5

jurisdiction over § 1983 cases." *Howlett v. Rose,* 496 U.S. 356, 358, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990); *Heirs of Del Real v. Eason,* 374 S.W.3d 483, 485 n.1 (Tex. App.—Eastland 2012, no pet.) (same). As the United States Supreme Court observed in *Howlett*:

> When a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts, we must act with utmost caution before deciding that it is obligated to entertain the claim. The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the State create a court competent to hear the case in which the federal claim is presented. The general rule "bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them." The States thus have great latitude to establish the structure and jurisdiction of their own courts.

496 U.S. at 372.

Unlike the state statute at play in *Haywood v. Drown,* 556 U.S. 729, 129 S. Ct. 2108, 173 L. Ed. 2d 920 (2009),[6] the case chiefly relied on by San Miguel, Chapter 841 does not interfere with the accomplishment or execution of the full purposes and objectives of section 1983. Specifically, Chapter 841 does not limit the form or substance of San Miguel's section 1983 complaint. It does not immunize Appellees from suit or liability, alter or diminish section 1983's remedies, or increase San Miguel's burden of proof. San Miguel directs us to no provision of federal law that would be in conflict with Chapter 841, which simply compels where his suit must be heard. We therefore conclude that Chapter 841 is not preempted by federal law.

---

[6] In *Haywood*, a New York statute essentially prohibited its state trial courts from exercising jurisdiction over section 1983 suits against state correction officers. 556 U.S. at 731.

## Conclusion

San Miguel's appellate complaint is overruled.  The order of the trial court is affirmed.


Lawrence M. Doss
Justice