NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IGOR A. ALATORTEV, individually, and on behalf of a class of others similarly situated, | No. 18-16225 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-04859-WHO |
| v. | MEMORANDUM* |
| JETBLUE AIRWAYS CORP., a Delaware corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 4, 2019
San Francisco, California

Before: SILER,** BYBEE, and R. NELSON, Circuit Judges.

Plaintiff Igor Alatortev, individually and on behalf of a putative class,

appeals the district court's order granting Defendant JetBlue's motion to dismiss

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

his amended complaint. Alatortev filed suit against JetBlue because it refused to refund his $25 baggage-service fee after his checked bag was delayed in delivery to his flight destination. In his initial complaint, Alatortev alleged JetBlue breached its obligation under the Contract of Carriage (COC) to timely deliver his bag upon his arrival at his destination. The district court dismissed the complaint, finding that the COC does not provide "an express commitment to deliver baggage on-time." Alatortev then filed an amended complaint asserting that JetBlue breached a separate contractual obligation to transport passengers' baggage on their respective flights, subject to automatic fee reimbursement if the baggage travels on a different aircraft. The district court likewise dismissed the amended complaint, holding that Alatortev's construction of the COC was unreasonable.

We review the district court's order of dismissal de novo. *Serv. Eng'g Co. v. Emery*, 100 F.3d 659, 661 (9th Cir. 1996). We affirm.

Alatortev argues that the first sentence of Section 11 of JetBlue's COC—which provides that "[s]ubject to the restrictions set forth below, Carrier will check the baggage of a fare-paying Passenger for the flight on which the Passenger is traveling,"—required that the baggage ultimately fly on the same aircraft as its owner in every instance. But the plain language of this provision does not mandate this construction. To the contrary, the provision states that JetBlue must check the baggage "for" the flight—not "on" the flight.

2

Further, the "cardinal rule of construction that a contract is to be construed as a whole, effecting harmony among and giving meaning to all the parts thereof," *People ex rel. Dep't of Parks & Recreation v. West-A-Rama, Inc.*, 111 Cal. Rptr. 197, 201 (Cal. Ct. App. 1973), requires that we look beyond this isolated provision to its surrounding context within the COC as a whole. Here, looking to the entirety of the contract defeats Alatortev's proposed construction.

First, the provision Alatortev relies on begins with the following limiting language: "Subject to the restrictions set forth below, . . ." Thus, the provision itself calls attention to outside provisions for limiting context and meaning. The district court correctly determined that Section 11 as a whole was written primarily for the purpose of describing JetBlue's agreement to exclusively transport checked baggage to a passenger's final *destination*, rather than allow passengers to unilaterally transform JetBlue into a parcel carrier. Section 11 limits customers' ability to check bags to other destinations where they are not flying; JetBlue did not assume an independent obligation of ensuring that checked bags always physically travel on the same aircraft as the passengers do.

Second, the COC's comprehensive scheme governing JetBlue's obligations and its customers' remedies demonstrates that Alatortev's construction is unreasonable. The COC carefully tracks the United States Department of Transportation's regulatory requirements for checked baggage, *e.g.*, 14 C.F.R.

3

§ 259.5, by outlining a comprehensive remedial scheme for passengers' potential 1) loss, 2) damage, or 3) delay of their checked bags. The COC also includes the possibility of recovering reasonable expenses or a baggage fee refund in some instances, along with a mechanism and timeline for filing claims and/or lawsuits to obtain those remedies. The COC never provides a separate remedy (or notice of claim mechanism) for failure to transport passengers' baggage on their respective flights, demonstrating that JetBlue never undertook the obligation Alatortev proposes.

*Hickcox-Huffman v. US Airways, Inc.* is not to the contrary. 855 F.3d 1057 (9th Cir. 2017). In that case, the contract outlined a binding commitment by the airline to "on-time baggage delivery," which was clearly defined under the airline's terms of transportation, and which was breached when the airline failed to return the passenger's bag to her until the next day. *Id.* at 1059, 1062–64. Here, by contrast, JetBlue's commitment to "check" a passenger's bag for the passenger's "flight" includes relevant undefined terms that do not create the clear commitment Alatortev asserts. Considering the provision in juxtaposition with "the restrictions set forth" in the terms following it, and in context of the COC's language as a whole, the provision is not reasonably susceptible to the meaning Alatortev seeks to give it.

Third, the canon that written agreements must be interpreted, if possible, to avoid absurd results, *Gen. Cas. Co. of Am. v. Azteca Films, Inc.*, 278 F.2d 161, 168 (9th Cir. 1960), requires that we reject Alatortev's proposed construction. Alatortev maintains that JetBlue's contractual duty to transport baggage on passengers' respective flights is separate from its aspiration of timely delivery. But imposing such a duty would yield absurd outcomes, such as an automatic baggage fee refund whenever a bag precedes a passenger to his or her destination. JetBlue's construction avoids these types of absurdities.

For these reasons, the district court correctly held Alatortev's contract-based claims are not facially plausible, warranting dismissal.

**AFFIRMED.**